THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN L. SLOAN, Defendant.

Supreme Court, Extraordinary Term, Orange County, December 30 1940.

*John J. Bennett, Jr., Attorney-General* [*Raymond P. Whearty, Edward G. O' Neill* and *John F. Tucker, Assistant Attorneys-General,* of counsel], for the plaintiff.

*Wiggins, Faulkner & Arfmann,* for the defendant.

PERSONIUS, J. Three indictments have been found against the defendant by the extraordinary grand jury sitting with this term. Indictment No. 3 was superseded by indictment No. 12 and is not here involved.

Indictment No. 12, here referred to as the first indictment, returned April 18, 1939, contained sixteen counts, each charging that the defendant, superintendent of welfare, violated section 1863 of the Penal Law by knowingly auditing and consenting to the auditing of a false and fraudulent claim. Upon the trial under this indictment the jury disagreed.

Thereafter and on June 5, 1940, indictment No. 126, here referred to as the second indictment, was filed. It contains thirty-eight counts each charging the violation of said section 1863 by knowingly auditing and consenting to the auditing of a false and fraudulent claim.

On June 21, 1940, the defendant moved to quash counts 1 to 11, inclusive, of the first indictment on the ground that they were superseded by counts 9 to 19, inclusive, of the second indictment.

Section 1863 applies to the audit of " any claim or demand " which is false, or " contains charges, items or claims " which are false. The claim may be false because it contains one or more false items. The offense consists in auditing the claim, not auditing each item. In other words, if a claim contains two or more false items the auditing thereof constitutes one crime and cannot be split into as many crimes as there are false items in the claim.

The claims or vouchers referred to in counts 9 to 19, inclusive (read inversely), of the second indictment are the same claims and vouchers referred to in counts 1 to 11, inclusive, of the first. The two series of counts differ only as to the specifications or items of falsity alleged. Counts 9 to 19, inclusive, of the second indictment, therefore, allege the same crimes as those alleged in counts 1 to 11, inclusive, of the first. The latter were, therefore, super-

seded by the former and should have been set aside on defendant's motion. " As both are based on the same alleged crime, the second necessarily supersedes the first, and the motion to quash is, therefore, granted." (*People* v. *Farrell*, 20 Misc. 213; *People* v. *Rosenthal*, 197 N. Y. 394, 400, 401; Code Crim. Proc. § 292-a.)

The defendant's motion was made June 21, 1940. The People were given leave to file affidavits. Briefs were to be exchanged. Before this was done and on September 4, 1940, Joseph Friedman died. He was a material witness upon the trial under the first indictment which terminated in a disagreement of the jury. We assume his testimony could be read upon a second trial. The People allege that his testimony was necessary and material before the grand jury, and will be material in the trial of counts 9 to 19, inclusive, of the second indictment; that due to his death, his testimony will not be available and, therefore, the People by motion ask that counts 9 to 19, inclusive, of the second indictment be dismissed and that counts 1 to 11, inclusive, of the first indictment stand, leaving that indictment in its original form.

The defendant was entitled to the relief asked when he made his motion prior to the death of Mr. Friedman. Does the death of Mr. Friedman, and the changed situation caused thereby, warrant the denial of the defendant's motion even as a matter of discretion?

The People argue, *first*, that said section 292-a is not self-executing, that the mere finding of a superseding indictment does not render the original indictment null and void, that both indictments retain their vitality until the first is set aside by an order of the court. The authorities sustain this contention.

The People argue, *second*, that the granting or denial of the defendant's motion to set aside the first indictment rests in the *discretion* of the court.

Said section 292-a provides that when two indictments for the same offense or for the same matter are pending, the first indictment " shall be deemed to be superseded " and (on motion) " shall be set aside." The section is mandatory. It reads " shall," not " may." The Constitution protects a defendant against double jeopardy. In keeping therewith, the Legislature evidently intended to protect him against double indictment, the necessity of providing double bail, defending himself twice etc. The defendant was, therefore, entitled to the relief asked in his motion made June 21, 1940.

The authorities do not sustain the People's argument that the granting of the defendant's motion, *if timely made*, is discretionary with the court. In *People ex rel. Barron* v. *Monroe Oyer & Terminer* (20 Wend. 108) the defendant had been tried and convicted.

During his trial a second indictment was found. No motion was made to quash the first indictment until after the conviction. The court said: " The *time* when a court will entertain a motion to quash an indictment, rests in some degree in the exercise of a sound discretion; but it appears to be conceded in the books that it must be made before the case is submitted to the jury: * * * or any evidence given in the case." (Italics mine.) Again (p. 110): " The finding of the second indictment does not *ipso facto* annul the first; there must be a motion to quash. That motion certainly cannot be made after the trial and a verdict found * * * Besides, *after verdict*, it was a matter of discretion whether the court would listen to the application." (Italics mine.) The discretion there referred to was as to the *time* of making the motion. Here the defendant has been guilty of no laches and there is no reason to deny his motion on that ground. It was promptly and timely made. Except for the trial under the first indictment, which resulted in a disagreement, there has been no trial or other steps taken under either indictment prior to the making of the defendant's motion.

In *People* v. *Barry* (4 Park. 657) the defendant was indicted for assault and for robbery. He pleaded guilty to the former. The court said (p. 661): " The statute is clear and positive, and there can be no question that, on the finding of the second indictment, the defendant was entitled to have the first indictment quashed. * * * In my opinion it was competent for him to waive the provision of the statute in his favor, and I think he has clearly and advisedly done so; and that after his confession [plea of guilty], he had no right to claim the benefit of the statute which he has so waived." The defendant here has in no way waived his right.

In *People* v. *Bransby* (32 N. Y. 525, 536) the court held that the two indictments in question were not for the same offense but said (p. 537): " If the defendant's case had been shown to have come within the provision of this statute, and he had made his motion in reasonable time, he was entitled to relief."

These authorities indicate that the court may in its discretion deny a defendant's motion to set aside a superseded or first indictment where the motion is not timely made. They do not indicate that the court has any other discretion. On the contrary, they indicate that where the motion is timely made, the superseded indictment shall be set aside and the court must order accordingly.

A defendant may not remain idle, sit by and permit the trial under a first indictment, or plead guilty thereto, and then ask for the dismissal of such indictment. To do so might constitute laches and a waiver of his right to a dismissal. Such a motion

after conviction or a plea of guilty would be " altogether technical,'" as pointed out in *People ex rel. Barron* v. *Monroe Oyer & Terminer* (*supra*). Such, however, is not this case. " We * * * construe the statute as referring to the case of indictments before the trial upon either has commenced." (*People ex rel. Barron* v. *Monroe Oyer & Terminer, supra.*) Such is this case.

The fact that a material witness for the People died after the defendant's motion was made may be most unfortunate for the People in the prosecution of this case. It does not, however, authorize us to modify the law. The defendant was entitled to the relief asked when he made his motion. Had it been then granted, and Mr. Friedman died subsequently, the result would have been no different. The death of a material witness for a defendant in no way alters his rights. The death of a witness for either party is a misfortune for which the court can give no relief.

The defendant's motion to set aside counts 1 to 11, inclusive, of indictment No. 12 is granted, not as a matter of discretion, but as a matter of right.

The People's motion to dismiss counts 9 to 19, inclusive, of indictment No 126 is not opposed and is granted.

Submit orders accordingly.