In the Matter of DENIS J. McCLURE, Petitioner, *v.* COUNTY COURT OF THE COUNTY OF DUTCHESS et al., Respondents.

Second Department, March 19, 1973.

*Denis J. McClure,* petitioner in person.

*Louis J. Lefkowitz, Attorney-General* (*A. Seth Greenwald* of counsel), for respondents.

SHAPIRO, J. The basic question in this proceeding pursuant to article 78 of the CPLR to restrain the respondents, County Judges of Dutchess County, from proceeding to try Morris Kovacs (the petitioner is one of Kovacs' attorneys) under an indictment (235–72) returned against him is whether the indict-

ment was found by a legally constituted Grand Jury. The facts are not in dispute.

The District Attorney of Dutchess County, considering himself disqualified, obtained an order from a Dutchess County Judge (pursuant to section 701 of the County Law) under which Anthony L. Pagones, Esq. was designated " as a special District Attorney in order to present to a Grand Jury charges involving the above named individual [Emma Hammond] for allegedly unlawfully dealing with and allegedly impairing the morals of the daughter of the said Emma Hammond, and to present such facts to a Grand Jury as involve any other participant or participants in the said acts or in other acts in connection with the said daughter of Emma Hammond, and in doing so, the said Anthony L. Pagones, Esq., shall have all the powers of the District Attorney, and shall discharge the duties of the District Attorney in this matter " (bracketed matter supplied).

Thereafter on December 29, 1971 the same County Judge, upon the *sole* petition of the District Attorney, made an order reading as follows:

" It appearing to the satisfaction of this Court from the petition of ALBERT M. ROSENBLATT, District Attorney of Dutchess County, duly verified the —— day of December, 1971, that the Grand Jury empaneled for the November and December, 1971, Terms of the Dutchess County Court has been engaged in conducting investigations into matters duly presented to that Body by the District Attorney and his assistants, and that the matters presented to said Grand Jury in reference to said investigations have not been completed, and that it is essential that the Term of the Court be extended until further order of this Court, to permit the Grand Jury to complete the pending investigations,

" NOW, after hearing ALBERT M. ROSENBLATT, District Attorney of Dutchess County, in support of said application, and due deliberation having been had thereon, and it appearing that it is necessary and proper that the November and December, 1971 Terms of the Dutchess County Court should be extended in order to complete unfinished business before said Body, it is

" ORDERED and DIRECTED, that the November and December, 1971, Terms of the Dutchess County Court, and the Term of the Grand Jury empaneled for said terms, be and the same hereby are, extended until further order of this court, to permit the Grand Jury to complete the investigations now pending before that Body."

In his petition the District Attorney alleged: " That the regular Grand Jury empaneled for the November, 1971 **Term of the**

County Court has been engaged in conducting investigations into matters duly presented to the Grand Jury. That there remains considerable testimony and other evidence which your petitioner anticipates must be presented to the Grand Jury, other witnesses examined and other areas explored before these investigations can be thoroughly concluded and a determination thereon made by the Grand Jury.''

Thereafter and on February 11, 1972 proof was presented to the extended November-December Grand Jury by the Special District Attorney. That presentation resulted in the indictment, the trial of which the petitioner seeks to restrain by this proceeding.

The basis of the application is that the order extending the Grand Jury was jurisdictionally defective because it was not made on the application of both the District Attorney and the Grand Jury, and because the term of the Grand Jury was '' extended until further order of this court '', without the specification of any definite termination date.

Subdivision 1 of section 190.15 of the CPL reads: '' A term of a superior court for which a grand jury has been impaneled remains in existence at least until and including the opening date of the next term of such court for which a grand jury has been designated. Upon such date, or within five days preceding it, *the court may, upon declaration of both the grand jury and the district attorney* that such grand jury has not yet completed or will be unable to complete certain business before it, *extend the term of court and the existence of such grand jury to a specified future date,* and may subsequently order further extensions for such purpose '' (emphasis supplied).

We do not reach the question whether the failure to specify that the life of the Grand Jury shall terminate on '' a specified future date '' is of jurisdictional dimension [1] since we are of the opinion that the order was void because it was not made '' upon declaration of *both* the grand jury and the district attorney that such grand jury has not yet completed or will be unable to complete certain business before it '' (emphasis supplied). Nowhere, either in the petition of the District Attorney or in the order of the court, is there any declaration by the grand jury that it has not completed or will be unable to complete its business during its term. In the absence of such a declaration by

---

1. In extending the term of the Grand Jury ''until further order of this court,'' the County Judge was apparently proceeding under the provision of section 244 of the former Code of Criminal Procedure, which was superseded by CPL 190.15.

the Grand Jury the County Judge was without power to extend its life. His attempt to do so resulted in an order which is void for lack of jurisdiction to make it. As a consequence, the body that indicted Kovacs was just a group of people, but not a Grand Jury. Hence the application should be granted and the respondents restrained from proceeding to try Kovacs under the alleged Indictment bearing No. 235-72, without costs and without prejudice to the presentation of the facts constituting the alleged offenses to a properly constituted Grand Jury.

We also note, in passing, that the record indicates that in fact the November-December Grand Jury had no unfinished business before it and that the only matter presented to it on February 11, 1972, during its so-called extended term, and after it had been recessed in the interim, were the facts resulting in the instant indictment and at which time there was a regular January-February 1972 Grand Jury in session.[2]

*People* v. *Stern* (3 N Y 2d 658), relied upon by the District Attorney, is not in point. There it was undisputed that "the Grand Jury existed as a duly constituted body, *de jure* in every sense, *and that it had been functioning continuously since its inception without recess*" (p. 661 [emphasis added]). The court also clearly indicated that the power to continue a Grand Jury could be curtailed pursuant "to a clearly drawn statute explicitly limiting it" (p. 663). That is exactly what the Legislature did by its enactment of subdivision 1 of CPL 190.15.

MUNDER, Acting P. J., LATHAM, GULOTTA and CHRIST, JJ., concur.

Application granted and respondents are hereby restrained from proceeding to try Morris Kovacs under alleged Indictment No. 235-72, without costs and without prejudice to the presentation of the facts constituting the alleged offenses to a properly constituted Grand Jury.

2. That fact only tends to emphasize the rationale for the adoption of CPL 190.15. It prevents the continuance of a "vest pocket" grand jury (see dissenting opinion of Chief Judge FULD in *People* v. *Stern,* 3 N Y 2d 658, 665).