OPINION OF THE COURT
Francis X. Egitto, J.
The defendants herein move for an order dismissing the indictment pursuant to CPL 210.20 and 30.30 on the ground that they have been denied their statutory right to a speedy trial.
This motion to dismiss raises yet another issue under the developing case law interpreting the application of CPL 30.30. More specifically, the question presented is whether, by answering ready for trial on an indictment which is later superseded, the People’s statutory obligation of answering ready for trial within six months is satisfied. This court holds that it is not.
The relevant dates are not in dispute. The defendants were arrested on September 3,1980 for criminal possession of a weapon in the third degree, a class D felony (Penal Law, § 265.02), and indicted on September 25, 1980. On February 24, 1981, the People answered ready for trial. However, the indictment was subsequently dismissed on July 16, 1981 when the court inspected the Grand Jury minutes and determined that the Assistant District Attorney erroneously charged the Grand Jury. In finding the *1007 indictment defective, the People were granted leave to represent this case to a new Grand Jury. Indictment No. 3769/81 based upon the exact crime as that contained in the initial indictment was thereafter filed on September 16, 1981. The defendants were arraigned thereunder on October 1, 1981.
CPL 30.30 (subd 1, par [a]) provides that unless the prosecution is ready for trial within six months of the commencement of a criminal action charging a felony, the indictment must be dismissed. In computing this six-month period, however, certain time sequences are to be excluded pursuant to CPL 30.30 (subd 4), and once the defendant has shown the existence of a delay greater than six months, the burden of proving that certain periods within that time should be excluded falls upon the People, (People v Berkowitz, 50 NY2d 333.)
In this case, the starting point for the speedy trial analysis must be September 3,1980, the date on which the defendants were originally arrested and charged with the crime for which they now stand indicted (People v Staley, 41 NY2d 789). At this point, the People incurred the burden of answering ready for trial within six months (People v Brothers, 50 NY2d 413; People v Hamilton, 46 NY2d 932) unless any delay fell within a statutory exclusion. This burden was not postponed when the first indictment was dismissed. Rather, the subsequent return of the instant indictment based upon the charges initially within the first, related back, for speedy trial purposes, to the date of the first accusatory instrument filed in the action (People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351).
The People contend that they met their burden when they answered ready for trial on February 24, 1981. They argue that because the initial indictment was dismissed by virtue of a defective Grand Jury charge, and not as a result of any dilatoriness on their part, the dismissal should be viewed in much the same light as a court adjournment, and the time should be excluded pursuant to CPL 30.30 (subd 4, par [b]).
The People’s contention is without merit. The original indictment was dismissed because the inspecting court found the instructions so inadequate, incorrect or mislead *1008 ing that the indictment could not be permitted to stand even though it was supported by legally sufficient evidence.[1] And it follows that when the indictment was dismissed, the People’s readiness on that indictment was vitiated by its dismissal. Readiness on an indictment subsequently dismissed, cannot survive dismissal and then attach to an indictment which was not even in existence at the time of announcement of readiness.[2]
Hence, since the defendants alleged the existence of a delay greater than six months, and the People did not meet their burden of providing sufficient excludable periods, defendants’ motion to dismiss is granted.

. See Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, GPL 210.35, pp 384-385; see, also, People v Calbud, Inc., 49 NY2d 389, 395.

. Compare People v Reid (110 Misc 2d 1083 [Crane, J.]) where the court found that the readiness of the People to try defendant on a single-count misdemeanor information did not extend to the superseding prosecutor’s information (which added a second count) since the earlier misdemeanor information was dismissed upon the defendant’s arraignment on the prosecutor’s information.