OPINION OF THE COURT
Thomas R. Sullivan, J.
The instant indictment No. 5054/82 charges defendant and another with grand larceny in the second degree and other related crimes. The indictment was voted on January 4, 1983.
Defendant has moved this court for certain pretrial relief. Those moving papers, together with defendant’s memorandum of law, the People’s reply affirmation and memorandum of law, a defense reply affirmation, and a People’s memorandum of law, specifically directed at that part of the defense motion seeking dismissal of the indictment on the grounds that the Grand Jury was defectively extended, have all been considered, and upon hearing oral argument of the motions on June 24,1983, the defendant’s motions are disposed of as follows:
(1) Defendant’s motion for the court’s inspection of the Grand Jury minutes is granted. (CPL 210.30, subds 2, 3.) The court finds that the transcript of the Grand Jury proceedings establish that the evidence presented to the Grand Jury was legally sufficient to support the charges contained in the indictment. Defense motion to dismiss the indictment is denied. (CPL 210.30, subd 1.)
*86 The court having found the indictment based on legally sufficient evidence, the further assistance of the parties is not necessary on this issue. Therefore, release of the minutes to the parties is not needed and the court denies defendant’s request to be supplied the minutes of the Grand Jury. (CPL 210.30, subd 3.)
(2) Defendant’s motion contained in paragraph four of his omnibus motion seeks an order dismissing the indictment pursuant to CPL 210.20 (subd 1, par [c]) and 210.35 (subd 5).
Defendant’s contention is that at the time the Grand Jury acted in voting the instant indictment, it was no longer a legally constituted Grand Jury, there being a failure to properly extend its term of existence.
Defendant points to two separate failures at the time of its first extension and thereafter on the third extension.
This Grand Jury, known as the Regular Thirteenth Term 1981 Grand Jury, was initially impaneled on November 30, 1981 to serve until December 25, 1981,* the designated Thirteenth Term of 1981.
Upon application of the Kings County District Attorney’s office, an order was made on December 23, 1981 by the Honorable Leonard Yoswein, Administrative Judge of the Second District which, among other things, amended the previously published dates of the various terms of 1981 by extending the Thirteenth Term from December 25,1981 to January 1, 1982. The order had the effect of extending the 1981 Thirteenth Term of court and thereby extended the existence of the Grand Jury to January 1, 1982.
CPL 190.15 provides that an impaneled Grand Jury remains in existence at least until and including the opening date of the next term of court.
January 1, being a public holiday (General Construction Law, § 24) and January 1, 1982 also being a Friday, the termination of the Thirteenth Term of 1981, as provided in Justice Yoswein’s order, was extended to the next business day which was January 4,1982 by operation of section 25-a of the General Construction Law.
*87 On January 4, 1983, the Thirteenth Term Grand Jury was extended by order of Justice Ruth Moskowitz. This extension was therefore timely as provided for in CPL 190.15 and, being based on both the proper application of the District Attorney and the Grand Jury, effectively extended the life of this Grand Jury to March 31, 1982. The purpose of Justice Moskowitz’ order was to permit the Grand Jury to complete its investigation into 4-8 matters, including confidential investigation No. 6853, which gave rise to this indictment.
Again on March 31, 1982, Justice Moskowitz granted a further extension until June 25,1982 pursuant to a proper application to complete investigations into 10 unfinished matters including confidential investigation No. 6853. On June 25,1982, Justice Scholnick granted a further extension to September 24, 1982 upon a proper application to permit the completion of only six uncompleted matters, four of which were confidential investigations, including No. 6853.
There is no doubt that the regular Grand Jury for the Thirteenth Term of 1981 was properly and legally extended pursuant to the CPL 190.15 to September 24,1982. It is at this point that a most unusual event occurs.
In support of the position that this Grand Jury was lawfully extended, the District Attorney has submitted copies of the various orders, affirmations and applications. In fact, it appears that the District Attorney’s office has sets of preprinted forms that are used for this purpose bearing the title “GJ 29-Rev. 8/78” consisting of six pages with each page separately numbered. To establish the continuation of this Grand Jury beyond September 24, 1982, the District Attorney has submitted a copy of an order signed by Justice Lawrence on October 1, 1982 which purports to amend another order dated October 1, 1982 which allegedly extended the term of the regular Grand Jury for the Thirteenth Term of 1981 to December 31, 1982. The alleged reason for this amended order is set forth in an affirmation of an Assistant District Attorney. According to this affirmation, the regular Grand Jury of the Thirteenth Term of 1981 had been extended to December 31, 1982 by an order dated October 1, 1982. The *88 Assistant District Attorney goes on to affirm that through error and inadvertence five matters, including investigation No. 6853, were omitted from the basic extension order and he requested an amendment nunc pro tune to include these matters in the basic extension order. This affirmation is not on form “GJ 29”.
On oral argument of this motion on June 24, 1983, Assistant District Attorney Peter Weinstein made the rather startling admission that the claimed October 1, 1982 order extending the Grand Jury does not, in fact, exist.
The final set of documents submitted by the District Attorney are again on form “GJ 29” and the order of Justice DeLury purports to extend this Grand Jury to March 25, 1983 to conclude four matters including investigation No. 6853. This order is dated December 27, 1982. The instant indictment was voted during this period.
It is obvious from both the documents submitted by the District Attorney and concessions made upon oral argument that the regular Grand Jury for the Thirteenth Term of 1981 was not properly extended beyond September 24, 1982 as required by CPL 190.15 and hence ceased to exist as a de jure Grand Jury.
The District Attorney on oral argument and in a memorandum of law has advanced the proposition that, while there has been a literal failure to comply with CPL 190.15 so as to impair the de jure status of the regular Grand Jury of the Thirteenth Term of 1981, as of September 25, 1982, the actions of said Grand Jury taken thereafter were valid as the actions of a de facto Grand Jury (People v Petrea, 92 NY 128). This doctrine has its roots in the common law and has been construed as a rule of necessity. It is particularly appropriate in this case where (1) there is no question that this Grand Jury was properly impaneled, (2) by a court of competent jurisdiction, (3) that the matter in question was truly begun before the Grand Jury during its initial term, (4) that the matter was unfinished at the conclusion of thé term, and in this case, at the conclusion of the unfinished term, and (5) that the Grand Jury continued to sit on this matter until the investigation was concluded. (Matter of *89 Pesner v County Ct., 42 AD2d 275, affd sub nom. Matter of Seidenberg v County Ct., 34 NY2d 499.)
In Matter of McDonald v Colden (294 NY 172) the Court of Appeals was concerned with an analogous situation at a time when extensions could be ordered by the court sua sponte. It was contended that the minutes failed to reflect a proper extension of the term and the Grand Jury. This argument was rejected and technical failure to conform to statutory requirements was held not to terminate jurisdiction of the court where the clear intent of the court and the Grand Jury was to continue the investigation under way.
Therefore, even though there was a technical interruption in the de jure status of the instant Grand Jury, this indictment was the product of a de facto Grand Jury and is valid under our law.
So much of the defendant’s motion as seeks to dismiss the indictment pursuant to CPL 210.20 (subd 1, par [c]) and 210.35 (subd 5) is therefore denied.
While the court has sustained the validity of the instant indictment under the concept of de facto Grand Jury, some comment is appropriate regarding the conduct of the District Attorney’s office in this matter. There can be little doubt that the District Attorney’s office was aware of the requirements of CPL 190.15. They have even prepared a preprinted set of forms “GJ 29-Rev. 8/78” to expedite the process and to insure that all of the information is set forth to the Judge to whom the extension application was made. Furthermore, on January 4, 1982; March 31, 1982; June 25,1982, and on December 27,1982, proper applications in conformity with the statute were submitted to various Judges.
It defies credulity that the District Attorney’s office was unaware that the extended period had expired on September 24, 1982. The affirmation submitted to Justice Lawrence on October 1, 1982 is suspect on two counts:
(1) It alleges that it seeks to amend an earlier order of the same date which the District Attorney’s office now concedes does not exist, and
(2) The five matters allegedly to be added were the only unfinished matters before this Grand Jury. Clearly this *90 affirmation did not honestly and fully apprise Judge Lawrence of the true state of facts concerning the regular Grand Jury for the Thirteenth Term 1981. Such a situation is extremely distressing. Every lawyer, as an officer of the court, owes a duty of honesty and candor to the court (Code of Professional Responsibility, DR 7-101). This obligation lies most heavily upon a District Attorney and Assistant District Attorneys who are not merely partisan advocates, but public officials charged with administering justice honestly, fairly and impartially (ABA Prosecution Standards, § 2.8 [2]).
This conduct is even more regrettable since it was not necessary. I trust that it will never be repeated and that courts in the future will not have to question either the accuracy or bona fides of an ex parte application from the District Attorney.

 The year 1981 was the first year that the court year had been divided into 13 terms.