OPINION OF THE COURT
John J. Clabby, J.
Pursuant to a court order dated May 16,1982, this court reaches the following conclusions concerning the defendant’s speedy trial motion.
On July 22, 1982, the defendant, John Buckmon, was arrested. The Grand Jury accused this defendant of four counts in their indictment: one count of robbery in the first degree, two counts of robbery in the second degree, and one count of criminal use of a firearm in the second degree. On September 22, 1982, the court dismissed the original indictment No. 2439/82 because there was insufficient evidence connecting the defendant with the crimes charged. Mr. Buckmon had been charged with acting in concert with another person and displaying what appeared to be a handgun while forcibly stealing a quantity of money and a wristwatch from a Morris Hausman. The People, on November 8, 1982, then re-presented the indictment. It contained two counts of robbery in the second degree, one count of criminal use of a firearm in the second degree and one count of criminal possession of stolen property in the third degree.
On April 27, 1983, the defense counsel submitted a motion to dismiss the new indictment No. 3622/82. The court granted the defendant’s motion to dismiss the indict *356 ment pursuant to CPL 210.20 (subd 1, par [g]) to the extent that a speedy trial hearing was granted.
The issue presently before this court is one of “chargeable” time. Both the People and the defense counsel have agreed that there are 34 days in question. This time period runs from August 18, 1982 (the date the omnibus motion was presented, which included a motion to inspect the Grand Jury minutes and to dismiss the indictment) through September 22, 1982. The People have conceded that they are chargeable with 167 days. The problem in this case is that the 34 days in question will make the difference as to whether or not the case will exceed the 180-day speedy trial limit as per CPL 30.30.
Under CPL 30.30 (subd 1, par [a]), the prosecution must be ready for trial within six months of the commencement of a criminal action charging a felony and, if not, then the indictment must be dismissed. Where there is a delay greater than six months then, as per CPL 30.30 (subd 4), the burden falls upon the People of proving that certain periods within that time should be excluded (People v Stephens, 113 Misc 2d 1006; see, also, People v Berkowitz, 50 NY2d 333). The date upon which the first accusatory instrument in the criminal proceeding was filed is the date from which a speedy trial claim will be scrutinized (People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351). The defendant in the case now before this court was arrested and charged on July 22,. 1982. This is the starting point in this case. “Readiness on an indictment subsequently dismissed cannot survive dismissal and then attach to an indictment which was not even in existence at the time of [an] announcement of readiness.” (People v Stephens, 113 Misc 2d 1006,1008, supra.) In Stephens, the court held that the People were not ready and that they had not met their burden of proving sufficient excludable periods. The original indictment had been dismissed and, therefore, the People’s readiness on that indictment was vitiated by its dismissal (supra, at p 1008).
In the instant case, the People were never ready with respect to the first indictment because they had never presented legally sufficient evidence to the Grand Jury and the defendant was denied arraignment on a proper accusa *357 tory instrument. This court, therefore, finds that the People, in fact, were never ready on the first indictment.
Unlike the other motions referred to in CPL 30.30 (subd 4, par [b]), a motion to inspect and dismiss the minutes of a Grand Jury proceeding and for dismissal of the indictment, both give the defendant the first opportunity to have an independent judicial review of the evidence adduced before a Grand Jury. The defendant, who has a right to be prosecuted by an indictment, has no control over what evidence is presented to that Grand Jury, except for his own testimony. When the prosecution presents the case to the Grand Jury they have a heavy burden of assuring that justice will be done. Therefore, I am of the opinion that when a court dismisses an indictment on the basis of legally insufficient evidence, the defendant is the one who is prejudiced by the People’s failure. Since the defendant has no control over these proceedings, it would be and is a miscarriage of justice to hold him responsible within the meaning of CPL 30.30. I conclude that in a case where a court dismisses such an indictment, the time between the making of the motion and its dismissal by the court is chargeable to the People. Again, this is only true when the court dismisses the indictment on the basis of legally insufficient evidence or when the prosecution erroneously charges the Grand Jury (People v Stephens, 113 Misc 2d 1006, supra).
Therefore, the defendant’s motion to dismiss this indictment on the basis of CPL 30.30 is hereby granted.