OPINION OF THE COURT
Alain M. Bourgeois, J.
On January 10, 1983, indictment No. 5054/82 was filed, charging the defendant herein, together with a codefendant, Spencer Lader, with eight counts of grand larceny in the second degree and a single count of scheme to defraud in the second degree.
On January 17,1983 the defendants were arraigned and the matter adjourned for all purposes to February 15,1983.
On February 15, 1983, indictment No. 5054/82 was called into the record simultaneously with three other indictments wherein Spencer Lader was the sole defendant (No. 2894-6/82). At this time, the People announced their readiness for trial.
This general statement of readiness was addressed by the court and counsel for defendant Heller. In the ensuing colloquy, the People stated their readiness with regard to *992 the Lader indictments and their understanding that motions were pending as to the charges against Edward Heller.
Motion practice with regard to indictment No. 5054/82 in fact consumed the next several months. On April 26,1983, extensive defense motions were filed, accompanied by an exhaustive memorandum of law. Submission by both sides of further papers addressed to the defendant Heller’s attack upon the indictment was not completed until June 16, 1983, on which date the People stated that, their witnesses having been contacted, they were ready for trial but for the resolution of defendant’s motions.
Defendant’s challenge to the validity of indictment No. 5054/82 was grounded upon three claims:
(1) That the Grand Jury returning said indictment had been improperly extended and was therefore incapable of returning a valid accusatory instrument;
(2) that the District Attorney knowingly and deliberately failed to present to the Grand Jury certain exculpatory evidence, thereby depriving the defendant of due process;
(3) that the evidence that was presented to the Grand Jury was not legally sufficient to establish the offenses charged or any lesser included offenses.
Oral argument on defense motions was held on June 24, 1983. During the course of that argument the People indicated that they had “determined that an expeditious resolution would be to re-present this matter to a brand new Grand Jury” and that they had, in fact, already commenced that re-presentation.
Despite that statement, the People in no way conceded the invalidity of indictment No. 5054/82. To the contrary, they vehemently contended that certain admitted irregularities in the extension of the Grand Jury did not, under the controlling case law, undermine the validity of that indictment.
Oral argument was extensive, being focused by the court’s questions upon the issue of the Grand Jury’s extension. At the conclusion thereof the court reserved decision, calendaring the case for July 21, 1983.
*993 On July 8, 1983, while the motions were still under consideration by the court, the defendant was arraigned on superseding indictment No. 3586R/83. In terms of the offenses charged, this superseding indictment exactly duplicated indictment No. 5054/82.
The only difference between the two accusatory instruments concerned the status of Spencer Lader, named as a codefendant in the first indictment. On March 15,1983 Mr. Lader had entered a plea of guilty to the fifth count of that indictment. As a result, Edward Heller was the sole defendant named in the superseding indictment, Mr. Lader being named therein as having acted in concert with Heller in the commission of the crimes charged.
At the conclusion of the July 8 arraignment proceeding, indictment No. 3586R/83 was adjourned to July 21,1983 to the same court part wherein the motions addressed to No. 5054/82 were still pending.
At no time during the arraignment proceedings regarding No. 3586R/83 did the People announce their readiness to proceed on that indictment nor did either party (or the court) take formal steps to dismiss the earlier accusatory instrument.
On July 15, 1983 Justice Sullivan, in a written determination, disposed of the motions addressed to No. 5054/82 on which he had previously reserved decision (People v Heller, 120 Misc 2d 85).
Justice Sullivan denied defendant’s application to dismiss the indictment on the grounds that the Grand Jury that had returned said indictment was no longer a legally constituted body at the time it so acted. After careful analysis of the procedural history of that Grand Jury, he found (supra, p 89) that “even though there was a technical interruption in the de jure status of the instant Grand Jury, this indictment was the product of a de facto Grand Jury and is valid under our law.”
On July 21, 1983, six days after this written decision, both indictments (Nos. 5054/82 and 3586R/83) appeared on Justice Sullivan’s calendar.
As to the former, that date’s entries on both the case jacket and calendar disposition sheet reflect the resolution *994 of defense motions described above followed by the dismissal of the indictment as superseded by No. 3586R/83.
As to the latter, the People having announced their readiness, the case was adjourned for defense motions. Those motions were filed on August 24, 1983 and included the speedy trial and due process claims herein resolved.
CONCLUSIONS OF LAW SPEEDY TRIAL
CPL 30.30 (subd 1, par [a]) mandates that unless the People are ready for trial within six months of the commencement of a criminal action wherein a felony is charged the indictment must be dismissed.
Where there is more than one accusatory instrument filed in the course of a criminal proceeding, the action commences, for purposes of speedy trial computation, with the filing of the first of such instruments (People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351).
In the instant case, the initial accusatory instrument herein (No. 5054/82) was filed on January 10, 1983. Barring the applicability of certain exclusions of time as set forth in CPL 30.30 (subd 4, par [a]), it was the People’s statutory obligation to make a bona fide statement of readiness for trial before July 10, 1983.
Once the defendant has shown a delay of greater than six months, the burden of proving the existence of excludable time falls upon the People (People v Berkowitz, 50 NY2d 333).
Defendant advances two major arguments in support of his motion to dismiss pursuant to CPL 30.30.
Initially, defendant contends that any statements of readiness for trial with regard to indictment No. 5054/82 (arguably made on February 15, 1983 and June 16, 1983) were not bona fide and were insufficient to stop the running of the CPL 30.30 clock. It is argued that the People’s unilateral determination to supersede that indictment is proof that the People were not possessed of a valid accusatory instrument upon which they could have been ready for trial.
The defense further argues that CPL 30.30 (subd 4, par [a]) cannot serve to exclude any of the time devoted to *995 motions addressed to indictment No. 5054/82. By extension of the logic of People v Sturgis (38 NY2d 625) and People v Colon (59 NY2d 921), defendant contends that in order for motions to validly toll the running of CPL 30.30 time they must operate as a cause of the People’s unreadiness. Given the People’s posited failure to secure a valid accusatory instrument, it is submitted that they never could have been ready on indictment No. 5054/82. Accordingly, defendant maintains that, as his motions were not the cause of the People’s unreadiness, CPL 30.30 time ran uninterrupted up to the People’s first bona fide statement of readiness on July 21, 1983.
In the court’s view, analysis of defendant’s argument requires a determination as to the validity of the original indictment of January 10, 1983.
Under the logic of People v Sturgis (supra) and its progeny, if the initial indictment was jurisdictionally defective it could not at any point support a bona fide statement of readiness by the People. In such event, time taken up by the resolution of motions addressed to that instrument would not properly be excludable from the calculation of CPL 30.30 time as not being the cause of the People’s unreadiness (see People v Stephens, 113 Misc 2d 1006; People v Buckmon, 120 Misc 2d 355).
On the other hand, in the absence of a jurisdictional defect in the accusatory instrument, time devoted to the resolution of motions addressed to that indictment would properly be excludable from the time within which the People would be required to announce their readiness (see People v Douglas, NYLJ, Sept. 20, 1983, p 14, col 3).
On July 15, 1983 Justice Sullivan rendered a written decision sustaining the validity of indictment No. 5054/82 (People v Heller, 120 Misc 2d 85, supra). Based on an analysis of the relevant case law, it remains unsettled, whether or not, under the unusual circumstances presented herein, the court is bound by that decision as the “law of the case”.
An analysis of the issue must focus upon that section of the Criminal Procedure Law addressed to superseding indictments, CPL 200.80.
*996 It is unclear from a reading of that section whether the simple fact of arraignment upon a superseding indictment serves to dismiss the original accusatory indictment by operation of law. If such be the case, indictment No. 5054/82 became null and void upon the defendant’s arraignment on July 8, 1983 and Justice Sullivan’s decision of July 15, 1983 addressed itself to a nonexistent instrument and a mooted controversy and thus does not bind the court herein.
Alternatively, an argument can be advanced based upon cases considering the predecessor statute (Code Crim Pro, § 292-a) that an indictment continues as a valid accusatory instrument until such time as affirmative action is taken to dismiss it, either upon application of a party, or sua sponte by the court (see People v Benson, 208 Misc 138; People v Sloan, 175 Misc 618).
Extensive research has failed to reveal any case law specifically addressed to the resolution of this question under the wording of the revised statute (CPL 200.80). However, a fair reading of the case of Matter of Gold v McShane (74 AD2d 616, mot for lv to app den 52 NY2d 704) would suggest that the Appellate Division, Second Department, has recognized the necessity of court action to effectuate the dismissal of an indictment which has been superseded. In that case, in discussing the dismissal of the original indictment, the court noted (p 617) that any offense which was contained in both indictments “had to be dismissed by [the] respondent” Judge.
Under this analysis, Justice Sullivan’s determination as to the validity of indictment No. 5054/82, being a determination of a court of coordinate jurisdiction in a live and continuing controversy, is not properly subject to review by, and is binding upon, this court.
In view of the fact that this court’s independent analysis of the submissions and arguments of counsel agrees with Justice Sullivan’s determination as to the validity of indictment No. 5054/82, it is not necessary to resolve whether or not I am bound by that decision, for even if not so bound, this court adopts Justice Sullivan’s reasoning and conclusions.
*997 The original indictment was, and remained, a valid accusatory instrument legally handed up by a de facto Grand Jury (see People v Heller, supra).
The court takes note of the fact that although the State law on the subject clearly recognizes the existence of the de facto Grand Jury and the validity of an indictment returned thereby (see People v Heller, supra, and cases cited therein; additionally, see People v Petrea, 92 NY 128; People v AuClair, 74 Misv 2d 704; Matter of Coonan v Roberts, 71 AD2d 563, mot for lv to app den 48 NY2d 604), Federal law mandates the dismissal of an indictment so rendered (see United States v McKay, 45 F Supp 1007; United States v Macklin, 523 F2d 193 [CA 2d]; United States v Fein, 504 F2d 1170 [CA 2d]), the Federal cases declining to recognize the existence of such a de facto body.
Additionally, State law, in this instance affording greater flexibility in the accusatory process, does not favor the dismissal of indictments for technical defects in the absence of a showing of fraud or prejudice to the defendant (see People v White, 44 AD2d 749, affd 40 NY2d 876; People v Baker, 75 AD2d 966; Matter of Seidenberg v County Ct., 34 NY2d 499).
The court is not bound, by law or in logic, to follow the more stringent Federal constraints. The Grand Jury provision contained in the Fifth Amendment to the Federal Constitution is not applicable to the States (see People v Iannone, 45 NY2d 589, 593, n 3, citing Hurtado v California, 110 US 516; Peters v Kiff, 407 US 493). Rather, the right to indictment by Grand Jury in New York is solely dependent upon our State Constitution (see NY Const, art I, § 6).
The court also notes that it does not agree with defendant’s contention that the case of Matter of McClure v County Ct. (41 AD2d 148 [wherein an indictment returned by an improperly extended Grand Jury was voided by the court]) is applicable to the case at bar.
In the court’s view, the factual circumstances in McClure (supra) differ significantly from those of the instant matter. In McClure, the investigation culminating in the defendant’s indictment was not pending before the Grand Jury at the time of its extension. Rather, the commence *998 ment of that presentation to the Grand Jury occurred after the issuance of an order extending the life of that body. In the instant matter, on the other hand, the presentation to the Grand Jury commenced prior to the issuance of any extension orders, such orders therefore serving to permit completion of the Grand Jury’s consideration of the matter. Thus, the issue confronted herein is not, as it was in McClure, the continuance of a “vest pocket” Grand Jury, found by the District Attorney to be to his liking, and therefore extended to consider new matters.
Accepting, as this court does, the validity of the original indictment, and thus finding that, until July 8, 1983 (the date of defendant’s arraignment on the superseding indictment), the People could have proceeded to trial on the original accusatory instrument, the court rejects defendant’s argument that the People’s statements of readiness on February 15, 1983 and July 16, 1983 were ineffective, not being a bona fide assertion of their ability, or willingness, to proceed to trial on that instrument.
The court does not accept the view that the unilateral decision to supersede can fairly be read as a concession, by the People, of the invalidity of the initial indictment, so as to retroactively undermine any prior statements of readiness.
While a review of the transcript of February 15, 1983 reveals the People’s purported statement of readiness to have been equivocal and therefore insufficient to stop the running of the CPL 30.30 clock, no such defect exists as to the announcement of readiness made on June 16, 1983.
Additionally, the court having accepted the validity of indictment No. 5054/82, CPL 30.30 (subd 4, par [a]) operates to exclude from the calculation of chargeable time a “reasonable period of delay resulting from * * * pretrial motions” addressed to that indictment.
Thus, even were the court to discount the People’s statement of readiness of June 16, 1983, their announcement of readiness on July 21, 1983, addressed to the superseding indictment, clearly fell within the time constraints of CPL 30.30.
*999 The defense has urged upon the court, in supplemental papers filed herein, that the People’s failure of continuing readiness has caused them to be in violation of the strictures of CPL 30.30.
The court accepts the view that the People must maintain a position of continuing readiness in order to meet their statutory obligations under CPL 30.30 (see People v Jones, NYLJ, Sept. 8, 1983, p 11, col 5).
The court’s analysis of the adjournment history of this case, from its inception, compels rejection of the defendant’s motion to dismiss on these grounds.
Even resolving all disputed dates in favor the defendant, time chargeable to the People falls far short of the 180 days contemplated by the statute, the following dates being excluded as time devoted to motions pursuant to the reasoning hereinabove: February 15, 1983 to May 19, 1983; June 24, 1983 to July 7, 1983; July 21, 1983 to September 8, 1983; October 11, 1983 to October 17, 1983; November 23, 1983 to date.
As an additional ground for dismissal of the indictment herein, the defendant argues that the District Attorney’s presentation of the testimony of Spencer Lader and Robert Litwin before the Grand Jury constituted a misuse of that body, motivated by the prosecutor’s desire to “freeze” such testimony prior to trial.
There is no question that the People may not use the Grand Jury for the purpose of securing additional, postindictment evidence to be used against the defendant at trial (see Matter of Grand Jury Proceedings, 632 F2d 1033; United States v Doe, 455 F2d 1270; United States v Star, 470 F2d 1214; United States v Dardi, 330 F2d 316 [CA 2d], cert den 379 US 845; Matter of Hynes v Lerner, 44 NY2d 329, app dsmd 439 US 888; DellwoodFoods v Abrams, 109 Misc 2d 263).
The issue of possible Grand Jury misuse arises most often in situations where, subsequent to indictment, the Grand Jury subpoena power continues to be used.
In such situations, it has been held that the resolution of the issue of alleged misuse turns upon an evaluation of the “dominant purpose” of the action taken. If the dominant purpose of the challenged action is not the preparation of *1000 the pending indictment for trial, no Grand Jury misuse is said to exist (Matter of Hynes v Lerner, supra; United States v Dardi, supra).
Analyzing the procedural history of the instant matter, the court concludes that trial preparation was not the sole or dominant purpose underlying the testimony of Spencer Lader and Robert Litwin before the Grand Jury that returned the instant superseding indictment.
In his challenge to the initial indictment herein, the defendant argued that the People’s failure to present the Grand Jury with an. affidavit allegedly signed by Mr. Lader and exculpatory of Edward Heller was an error fatal to the validity of that indictment.
Similarly, the defendant decried the People’s failure to bring to the Grand Jury’s attention the purported absence of any direct relationship between the defendant Heller and Robert Litwin.
Upon re-presentation of this matter, the People proffered to the Grand Jury the affidavit previously described, as well as the testimony of both Spencer Lader and Robert Litwin.
The court finds that such evidence was properly presented, as being necessary to a full and fair consideration by the Grand Jury of the transactions that comprise the subject of the instant indictment.
I find that although the People may have derived some “incidental benefit” from the alleged “freezing” of testimony thereby, such was not their “dominant purpose”.
The court notes, in this regard, that prior to their appearance before the Grand Jury both Mr. Litwin and Mr. Lader had agreed to cooperate with the office of the District Attorney, having each entered pleas of guilty to charges filed against them. Thus the People could easily have obtained from them affidavits containing the information elicited during their Grand Jury testimony. Had the People solely desired the “freezing” of their evidence, such result could have been accomplished without resort to the Grand Jury (see People v Fisher, 455 F2d 1101 [CA 2d]).
On the basis of the foregoing, the defendant’s motion to dismiss the indictment herein is, in all respects, denied.