■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURI H. KOPONEN, Appellant.—Levine, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered May 16, 1986, upon a verdict convicting defendant of the crimes of operating a motor vehicle while under the influence of alcohol and driving while intoxicated, as felonies.

Defendant was indicted on counts of driving while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). As a result of a prior conviction for driving while under the influence of alcohol, the grade of the charged crimes was elevated from a misdemeanor to a felony, and each crime was

designated as such in the indictment (Vehicle and Traffic Law § 1192 [5]). Defendant formally admitted the prior conviction before the case was submitted to the jury. At the conclusion of the trial, defendant was found guilty as charged.

Defendant's sole point on appeal is that County Court committed reversible error in instructing the jury in its charge and jury verdict sheet, over timely objection, that each crime charged constituted a felony. Defendant contends that, because of the current widespread campaign of public indoctrination against drunk driving, identifying the crimes as felonies was tantamount to informing the jury of the existence of his prior conviction. Such practical disclosure, defendant urges, violated the prohibition of CPL 200.60 (3) (a) against the introduction of evidence of a previous conviction which a defendant had admitted, and denied him a fair trial.

It may have been the better practice for County Court to have omitted any reference to the crimes charged as felonies and thus to have obviated any conceivable risk of prejudice rising from the possibility of independent awareness by jurors that such status was predicated upon a prior conviction (see, 3 CJI [NY], Vehicle and Traffic Law § 1192 [2], at 2296-2318). Nevertheless, the failure of the court to have done so does not constitute reversible error. The express definition of the crime as felonies in the indictment is sanctioned by the statute and was required to inform defendant of the specific nature of the charges against him (CPL 200.60 [1]; see, People v Gill, 109 AD2d 419, 420). CPL 200.60 (3) (a) only bars reference to or submission of evidence concerning the actual previous conviction when the existence of the conviction is admitted; it does not direct the court to refrain from reading the indictment in full to the jury or otherwise characterizing the crime as a felony. Thus, no express statutory provision was violated here (see, Bellacosa, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.60, at 516).

Nor does the possible prejudice claimed by defendant afford a basis for reversal. Indeed, the prior and far more potentially prejudicial statutory procedure, whereby the previous conviction itself was pleaded and proved to the jury even when admitted by the accused, was upheld over the same objection as early as People v Sickles (156 NY 541, 546-547). Sickles was consistently adhered to against similar challenges until the Legislature amended the former Code of Criminal Procedure in a manner similar to CPL 200.60 (L 1961, ch 687, amending former Code of Criminal Procedure § 275-b; see, People v Blume, 12 NY2d 705, cert denied 374 US 843; People v De

*Santis,* 305 NY 44, *cert denied* 345 US 944; *People v Gowasky,* 244 NY 451). A fortiori, the risk of prejudice from merely alluding to the crime charged as a felony is not sufficient to warrant reversal.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.