OPINION OF THE COURT
William D. Friedmann, J.
Defendant moves to reargue a decision and order of this court rendered on January 24,1989.
The application to reargue was granted on April 5, 1989 to the extent that a Clayton interest of justice hearing would be *515 held. The issue involved deals with the validity of a superseding indictment. The background is as follows:
On November 16, 1988, at about 8:30 p.m., the defendant sold cocaine to a New York City undercover officer at the corner of 141st Street and Glassoro Street in Queens. He was arrested some five minutes later. Thereafter, on December 9, 1988 he was indicted in Queens Supreme Court for criminal sale of a controlled substance in the third degree, indictment No. 12591/88.
A plea of guilty to the indictment was entered on January 24, 1989. On February 21, 1989, the defendant appeared for sentencing. At that time the District Attorney advised the court that a superseding indictment had been voted on February 7, 1989. This new indictment contained three additional charges pertaining to alleged sales of cocaine on the same day, indictment No. 12785/88.
Based on these new charges, the District Attorney requested that the original single-count indictment be dismissed and replaced with a superseding indictment. The court refused to grant this relief since the defendant previously pleaded guilty. Sentence was then imposed and the second indictment was dismissed.
The People now seek to have the superseding indictment reinstated. They argue that the interest of justice would best be served by trying the defendant on all four counts, rather than a single count. Further, the District Attorney would permit the defendant to plead guilty to one crime to cover the indictment and would agree to a similar l-to-3-year sentence. Under the circumstances, it is argued the defendant would suffer no harm.
In considering this additional argument the court notes that originally it denied the People’s request on the grounds that since defendant already entered his plea, a superseding indictment would be improper and would also involve double jeopardy. These reasons are still valid.
A superseding indictment is a technical device which effects a total substitution of one indictment for an earlier indictment unless the offenses charged in the first presentation are not repeated in the second (see, Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 200.80, at 537). The new indictment is an effective method of clarifying procedural problems (People v Benson, 208 Misc 138) or furnishing a Grand Jury with additional relevant information *516 (People v Heller, 122 Misc 2d 991). At common law there was ho limit on the power of the District Attorney to submit the same matter to successive Grand Juries (People ex rel. Flinn v Barr, 259 NY 104, 107-109), however there are statutory limits when dealing with superseding indictments.
CPL 200.80 reads: "If at any time before entry of a plea of guilty to an indictment or commencement of a trial thereof another indictment is filed in the same court charging the defendant with an offense charged in the first indictment, the first indictment is, with respect to such offense, superseded by the second and, upon the defendant’s arraignment upon the second indictment, the count of the first indictment charging such offense must be dismissed by the court.” (Emphasis supplied.)
In the present case, the defendant pleaded guilty on January 24, 1989. This froze the indictment and barred a superseding indictment. Nor did the District Attorney have to ask the court’s consent to file the superseding indictment since "[hinder the statutory scheme prevailing in this State, it is only when the Grand Jury fails to indict that the matter may not be resubmitted without a court order.” (People v Potter, 50 AD2d 410, 411-412.) When this court pointed out that the People failed to mention the second indictment previously, it was simply to call the prosecutor’s attention to the statutory requirement of CPL 200.80. (Cf., People v Rodriguez, 11 NY2d 279, 285.)
• Basically then, the superseding indictment was dismissed because it was barred by the earlier plea. In this respect a court has no discretion, but must follow the mandate of the statute. Since the earlier plea was valid and "[a] person may not be twice prosecuted for the same offense” (CPL 40.20 [1]), a second indictment charging the identical offense at the same time and place would clearly enter into the area of double jeopardy.
However, this court has examined only the single sale of cocaine that formed the subject matter of indictment No. 12591/88 and makes no ruling as to any other sale.
Based on the above, this court has considered the additional arguments advanced by the People and upon reconsideration, adheres to its earlier order and decision of January 24, 1989.