OPINION OF THE COURT
W. Patrick Flavey, J.
Defendant, Souvath Sayavong, has been indicted on four counts of sexual abuse in the first degree, all class D violent felonies, in violation of section 130.65 (3) of the Penal Law, four counts of endangering the welfare of a child, all class A *505 misdemeanors, in violation of section 260.10 (1) of the Penal Law, and one count of criminal possession of a weapon in the third degree, a class D felony, in violation of section 265.02 (1) of the Penal Law.
The court, on March 13, 1991, ruled on the defendant’s omnibus motion and granted defendant’s application for so-called Huntley and Sandoval hearings. These hearings were conducted on June 17, 1991 regarding the admissibility of certain oral statements made by the defendant as well as the use of a prior conviction of the defendant for impeachment purposes if he decided to testify in his own behalf. Additionally, the defendant objects to use of his prior conviction for the purpose of proving an element of count five on the People’s case-in-chief.
The defendant also asserts that the indictment should be dismissed since the District Attorney failed to comply with CPL 200.60 in that she alleged the defendant’s previous conviction of sexual abuse in the first degree which upgraded the weapons possession charge in count five from a misdemeanor to a felony and also because no special information has yet been filed. Counsel were granted 20 days at the conclusion of the hearing to make any submissions. The case was marked submitted on July 8, 1991. This decision deals specifically with CPL 200.60. The court continues to reserve on the Sandoval and Huntley issues.
This issue appears to be one of first impression. The cases reviewed dealt with incidents wherein the crime was pleaded in the indictment and proven before the jury but prior to promulgation of CPL 200.60 or regarding incidents involving charges instituted before CPL 200.60 but tried after CPL 200.60 became law. (See, People v Blume, 12 NY2d 705.)
CPL 200.60 was passed to stop the accepted but potentially prejudicial procedure, whereby the previous conviction itself was pleaded and proved to the jury even when admitted by the accused. (People v Koponen, 129 AD2d 838.) Here the predicate crime was alleged in count five of the indictment but the proceedings are only at the pretrial stage.
It is clear that the dismissal of an indictment for technical defects is not favored in the absence of showing fraud or prejudice to the defendant. (People v Heller, 122 Misc 2d 991.) It is preferred that prejudicial matter be stricken rather than dismissing the entire indictment.
However, CPL 200.60 was passed to avoid the use of prior *506 convictions due to their great possibility of prejudicing the defendant regarding the pending charges. This possibility is increased in the case at bar since the predicate conviction is the same crime that the defendant now stands accused of.
It is clear that count five of the indictment is contra to CPL 200.60. However, the issue is whether or not "count five”, as pleaded, substantially prejudices the defendant with respect to the other counts. (CPL 210.20 [1] [a]; 210.25.)
There is no dispute that the defendant’s previous Yates County sexual abuse conviction is a matter of public record. Since this case is essentially at the pretrial stage no jury has yet been advised of the previous conviction. Furthermore, any potential jury panel can be examined on voir dire in such a way to determine if there is knowledge of this defendant in any respect.
However, the language of CPL 200.60 (1) is clear when it states: "an indictment for such higher offense may not allege such previous conviction.” (Emphasis added.) The proper way is to express the definition of the predicate crime as "a felony” in the indictment. This is sanctioned by the statute and is required to inform the defendant of the specific nature of the charges against him. (People v Koponen, supra; CPL 200.60 [1]; People v Gill, 109 AD2d 419, 420; also see, People v Garcia, 46 AD2d 611.)
The court has reviewed the indictment and considered the appropriate sanction, if any, including redacting, amendment and dismissal. Given the facts of this case, amendment, pursuant to CPL 210.25 (1), is not appropriate.
Therefore, based upon the clear language of the statute the court hereby dismisses "count five” of the indictment as improperly pleaded according to CPL 200.60. Any other result would not only be at variance with the plain wording of CPL 200.60, but would deprive that provision of any practical effect (see, Ferres v City of New Rochelle, 68 NY2d 446, 452; McKinney’s Cons Laws of NY, Book 1, Statutes § 144, at 291 [statutes will not be construed as to render them ineffective]).