**UNITED STATES v. LONG et al.**
**Crim. A. No. 7124.**

United States District Court,
D. Puerto Rico, San Juan Division.

Feb. 19, 1954.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, P. R., Isaiah Matlack and Thomas A. Pace, Sp. Assts. to Atty. Gen., for plaintiff.

Marcelino Romany, San Francisco, Cal., James R. Beverley, San Juan, P. R., for defendant F. D. A. Carpenter, B. F. Sanchez, San Juan, P. R., William Grant, Atlanta, Ga., J. C. Long, A. Rittenberg, Charleston, S. C., for defendant L. D. Long.

RUIZ-NAZARIO, District Judge.

There are now pending in this case defendants' Motions to Dismiss, to Strike Certain Allegations from the Indictment, for a Bill of Particulars, for Inspection of Grand Jury Minutes. The United States has moved the Court to strike the last of the above motions.

—A—

The Motion to Dismiss

Grounds I and II.

Congress by the Act of June 25, 1948, 62 Stat. 907, 28 U.S.C.A. § 451, specifically, by definition included the district court of the United States for the District of Puerto Rico, within the term "court of the United States" as well as within the terms "district court" and "district court of the United States". Section 119, Title 28 U.S.C.A. states "Puerto Rico constitutes one judicial district."

Defendants contend that the district court of the United States for Puerto Rico is without jurisdiction of the offense charged in the indictment, because Congress has not by Law directed the place or places where trials of crimes committed in Puerto Rico shall be held. Art. III, § 2, Clause 3, Constitution.

The Constitution does not state that Congress must direct the place or places where indictments shall be presented—the reference is only to the trial of all crimes. Therefore in any event, the indictment by the grand jury of this District Court of the United States, charging the commission of an offense

with the judicial District constituted by Tit. 28, U.S.C.A. § 119, is in no wise repugnant to Art. III, § 2, Clause 3, of the Constitution. However, even the trial of all crimes in this court is not barred thereby. Said article does not require a specific statute covering crimes committed without a state, nor a specific designation of a place of trial for crimes committed at every spot on the globe outside of a State. If by Law we are informed that certain courts have a given jurisdiction, it can not be questioned that this Court, which is one of those courts, has that jurisdiction, and that it has been directed by the Congress to exercise the jurisdiction thus conferred by Law.

█ Title 28 has the following sections, applicable to this judicial district, which can only be construed as a *direction* that crimes committed in Puerto Rico be tried in this district, in the Court provided by Law:

Section 501 states as follows: "The President shall appoint, by and with the advice and consent of the Senate, a United States attorney for each judicial district."

"§ 507(a). Except as otherwise provided by law, it shall be the *duty* of each United States attorney, *within his district,* to:

"(1) Prosecute for all offenses against the United States.
"(2) * * *
"(3) * * *
"(4) * * *
"(5) * * *."

The meaning of these two sections is plainly a *direction* that the United States Attorney for this district prosecute within this district (created by Section 119, 28 U.S.C.A.) for all offenses against the United States committed within the jurisdiction thereof and Congress has therefore provided a court for the prosecution of all the offenses thus committed—the United States District Court for the District of Puerto Rico in which the challenged indictment was presented.

Section 3231 of Title 18 U.S.C.A. provides as follows:

█ "The district courts of the United States (this court is included among these under the definition in the second paragraph of Sec. 451, Title 28 U.S.C.A.) shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

Rule 18 of the Federal Rules of Criminal Procedure, Title 18 U.S.C.A., is as follows: "Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed, but if the district consists of two or more divisions the trial shall be had in a division in which the offense was committed." In view of the fact that Puerto Rico is constituted into a judicial District by Title 28, § 119, and that this court under Section 451, Title 28, is defined as one of the "district courts of the United States", where all criminal proceedings must be governed by the Federal Rules of Criminal Procedure, as expressly provided in Rule 54(a) thereof, it must be held that Congress, by not disapproving said Rule 18, has *directed* that the trial of all offenses against the United States, committed in Puerto Rico, shall be held in this district—in the court provided therefor.

The very right to raise the question herein considered is being invoked under Rule 12(a) of said Federal Rules of Criminal Procedure, defendants thus conceding their applicability to this court.

The motions to dismiss, on grounds I and II, must be, and hereby are denied.

### Ground III.

The Motion to Dismiss on Ground III is denied on the authority of Quinones v. U. S., 1 Cir., 161 F.2d 79, 81, 82, which at the time of the drawing and empanelling of the Grand Jury returning the indictment herein, already was, as still is, the law in this jurisdiction governing this matter.

### Ground IV.

The indictment in this case was returned to a justice of the Supreme Court of the Commonwealth of Puerto Rico, acting as judge of this Court during the absence of the regular United States District Judge, by designation of the President, pursuant to a valid Act of Congress. 48 U.S.C.A. § 863. Congress in adopting Law 600 of July 3, 1950, 64 Stat. 319, expressly directed that this provision continue in full force and effect after the new status, under the Constitution of the Commonwealth of Puerto Rico, became effective, and said provision is now an integral part of the Puerto Rican Federal Relations Act.

The motion on this ground is therefore denied.

### Ground V.

■ The Grand Jury voted a true bill. By inadvertence it was unsigned by the foreman when he handed it to the Clerk. The signing is a purely ministerial act, and the omission was supplied by the foreman in open court and in the presence of the grand jury. The motion on this ground is hereby denied.

Ground VI of Defendant Carpenter's motion

Grounds VI and VII of Defendant Long's motion

■ This is an indictment charging a conspiracy to defraud the United States, not a conspiracy to commit an offense against the United States. See Glasser v. U. S., 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, and U. S. v. Manton, 2 Cir., 107 F.2d 834. The indictment sufficiently charges a conspiracy to defraud the United States under the statute invoked, Title 18 U.S.C.A. § 371, and the motions on these grounds are denied.

Ground VII of Defendant Carpenter's motion

Ground VIII of Defendant Long's motion

I have carefully studied the indictment and feel soundly convinced that it does not violate Rule 7(c) of the Federal Rules of Criminal Procedure, and therefore deny the motions on these grounds.

Grounds VIII, IX and X of Defendant Carpenter's motion

Grounds IX, X and XI of Defendant Long's motion

This indictment charges a general conspiracy, continuous in operation, and single in character, constituting an agreement between Long and Carpenter, without limit of time, together with Rosario Pelaez and other persons unknown, to defraud the United States by corruptly endeavoring to influence, obstruct, interfere with the due and honest administration by the Federal Housing Administration of its lawful function, and to defraud the United States as further set forth in paragraph F of the indictment. This charges a single continuing offense and therefore the Motions to Dismiss on these grounds must be, and hereby are, denied.

### B

Defendants Motion to Strike.

■ The words "in order that defendant Leonard D. Long and the corporations referred to in paragraph B could benefit from tax exemption provided by the Government of Puerto Rico", beginning at line 14 and ending in line 17 on p. 11 of the indictment are ordered stricken from said indictment, as if they were physically deleted therefrom as immaterial, a conclusion and absolutely irrelevant to the offense charged.

The Motion to Strike is denied as to all other items which defendants request that be stricken.[1]

\* \* \* \* \* \*

### D

The Government's Motion to Strike.

None of the grounds advanced for an inspection of the Grand Jury Minutes and

---

1. Part (c) The Bill of Particulars omitted. The motion for Bill of Particulars requested 93 particulars. The motion was granted as to some and denied as to others.

Proceedings justifies such action. United States v. Smyth, D.C., 104 F.Supp. 283. It is therefore ordered that defendant Long's Motion for Inspection be, and it hereby is, stricken.