William E. McClusky, J.
This is a motion to dismiss an indictment found by an Oneida County Grand Jury on May 2, 1958 setting forth a three-count violation of the Alcoholic Beverage Control Law of this State.
On January 6, 1958 a Grand Jury was impaneled in connection with the January-February Term of Supreme Court for Oneida County. That Grand Jury continued in session intermittently until February 28, 1958, when an application was made by the District Attorney of Oneida County to extend the term of the said Grand Jury until May 2, 1958 to complete the work upon which it was then engaged. The number of individuals upon that Grand Jury as it was finally impaneled was 21. The Justice presiding in Part II of the January Supreme Court picked as foreman one Charles L. Finch. The said foreman and all the other members were duly sworn. It appeared that no inquiry based upon section 664 of the Judiciary Law was addressed to the jurors. It likewise appears that Charles L. Finch, the foreman of the Grand Jury was an employee of the State of New York at that time and earning-in excess of $1,000 per year. Likewise, one James J. Creedon, Jr., was employed by the Federal Government and earned more than the minimum amount. When the indictment, herein sought to be quashed, was presented in open court upon May 2, 1958, 16 members of the panel were present, two of them being the individuals mentioned. The defendant contends that there were only 14 grand jurors present on the return of the indictment and it was, therefore, an invalid presentment.
The problem is whether or not the presence of the two-named individuals upon the panel invalidated the indictment found.
The initial claim that there were less than 16 jurors present in court when the presentment was made is based upon the theory enunciated in People v. Herrmans (69 Misc. 303). But that theory has been changed as is very clearly set forth in People v. Brinkman (205 Misc. 337).
Section 272 of the Criminal Code provided under chapter 360 of the Laws of 1882 that ‘ ‘ An indictment, when found by the grand jury, as prescribed in section two hundred and sixty-eight, must be presented by their foreman in their presence to the court ”. That phrase “ in their presence ” does not appear in section 272 of the Code of Criminal Procedure as presently in effect. The force and effect of the Herrmans case is destroyed.
By chapter 305 of the Laws of 1954, a uniform jury system was established for counties outside the metropolitan area. It ■became effective July 17, 1955. By this law special Grand Jury *84 panels were abolished. The requirements for qualification of both grand and special jurors are the same except as to two items (Judiciary Law, § 662). The grand jurors are drawn from the same general ballot box as are the trial jurors (Judiciary Law, § 684). There are two items of disqualification of a grand juror, one, of course, being one who in his questionnaire has stated he has conscientious scruples against the inflicting of the death penalty (Judiciary Law, § 663). Furthermore, section 664 of the same law provides that “ No public officer or employee of the United States government, or of any state, city or municipality, or of any political subdivision of any of them or any official board, authority, council, commission, corporation, or other agency of any of them, receiving annual compensation in excess of one thousand dollars from the aforesaid sources, shall serve on any grand jury.”
Section 665-a provides that communists shall be ineligible to serve as jurors; if so, they are ineligible to serve as grand jurors.
The foregoing discussion of the provisions of article 18 of the Judiciary Law becomes pertinent, when applied to the facts herein.
Charles L. Finch and James Creedon, Jr. were disqualified as grand jurors. Their disqualification was not discovered until after the extended Grand Jury had been discharged and after it had handed up the indictment herein. There is no, claim that there was any fraud upon the part of the jurors in question or upon the part of the county jury commissioner or of any official. The claim is made that the jurors were disqualified and the disqualification could not be availed of by the present defendant until after indictment.
It is well-settled law that no challenge is allowed to the panel or to array of the Grand Jury. (Code Crim. Pro., § 231.)
An individual grand juror may be challenged by the District Attorney and by a person held to answer a charge for crime (Code Crim. Pro., § 230). There is no provision in the Criminal Code for the right of any one indicted to challenge a grand juror.
Section 232 of the Code of Criminal Procedure provides for the challenge of an individual grand juror upon any one of six grounds. But even those grounds would not be available to the defendant herein because he was not at the time of the impaneling of the Grand Jury “ a person 'held to answer a charge for crime”. (Code Crim. Pro., § 230.) The section in question is the exclusive remedy for personal challenge. (People v. Prior, 294 N. Y. 405.)
*85 Finally after the finding of an indictment there can be no challenge to the individual grand jurors. (People v. Petrea, 30 Hun 98, affd. 92 N. Y. 128.)
‘ A distinction should be drawn between causes which may affect the qualification of an individual drawn or selected to serve as a grand juror and the act of the Grand Jury after being impaneled and sworn. Those causes which may affect the individual, if attention be not called to them at the proper time, will, in the absence of fraud, be deemed effaced when the individual becomes merged in the body of the Grand Jury, and thenceforth the court will regard the Grand Jury as a legal entity, and in that capacity only' will its actions be inquired into.” (People v. Scannell, 37 Misc. 345, 354.)
In the light of the law set forth, the Oneida County Grand Jury for January, 1958 as extended was a valid and subsisting entity. No fraud having been shown, the presence of the two individuals in question upon the Grand Jury did not invalidate the Grand Jury’s actions. Accordingly the presentation of the indictment to the court was valid.
The parties to this motion stipulated thqt the jurisdiction of this court to hear the motion was not being -questioned.
The motion is denied in its entirety. Prepare order accordingly.