John J. Walsh, J.
This is an application for a writ of error coram nobis. Petitioner contends that the indictment which was returned against him, in 1958 upon which he pleaded guilty bears the invalid indorsement of one Charles L. Finch therein as fore *715 man. His argument is that since Charles L. Finch was disqualified to serve as a grand juror, his signature is a nullity and section 268 of the Code of Criminal Procedure was not complied with.
While serious doubt exists that this claim may be made upon an application for a writ of error coram nobis, particularly in view of a plea of guilty to the indictment, the novelty of the contention warrants attention.
There is little doubt in view of the opinion of Mr. Justice McCltjsky in People v. Pizzimenti (13 Misc 2d 82) that Mr. Finch was disqualified to act as a grand juror. What effect, if any, did that fact have upon his signature on the indictment as foreman of the Grand Jury?
The institution of the Grand Jury system is of very ancient origin and was inherited from the common law of England.
The foreman of the Grand Jury is appointed by the Judge of the court which impanels the Grand Jury. He occupies roughly the same position as the foreman of a Petit Jury. He has no greater or lesser powers than any other grand juror. Each panel of grand jurors is a distinct legal entity and the identity of the foreman is merged along with the other jurors. The foreman is, in the absence of the court, the presiding officer of the inquiry; he is merely the instrumentality through which the proceedings and actions of the Grand Jury are reported to the court, and the most important of his duties is to report all indictments which are returned by the Grand Jury and to indorse on such bills, as foreman, whether or not they are true bills.
Section 268 of the Code of Criminal Procedure provides: ‘1 An indictment cannot be found, without the concurrence of at least twelve grand jurors. When so found, it must be endorsed, 1 a true bill ’, and the endorsement must be signed by the foreman of the grand jury, or by the grand juror designated to act as foreman during the temporary absence or disability of the foreman.”
A “ true bill ” was a term indorsed on an indictment under the common law to show that a majority of the grand jurors (amounting to 12 at least) found the evidence made out a sufficient case to warrant a prosecution.
The indictments returned by the January 1958 Grand Jury of Oneida County have been judicially held to be valid despite the presence of two unqualified members, one of which was the foreman (People v. Pizzimenti, supra). This ruling finds support in People v. Petrea (92 N. Y. 128, 143-144) wherein the court said: ‘1 The jury which found the indictment was a de facto jury selected and organized under the forms of law. The defect *716 in its constitution, owing to the invalidity of the law of 1881, affected no substantial right of the defendant. We confine our decision upon this point to the case presented by this record, and hold that an indictment found by a jury of good and lawful men selected and drawn as a grand jury under color of law, and recognized by the court and sworn as a grand jury, is a good indictment by a grand jury within the sense of the Constitution, although the law under which the selection was made, is void.”
By analogy, the indorsement on the indictment made by a de facto foreman of the Grand Jury violates no constitutional right of the defendant.
Petition dismissed as a matter of law. The District Attorney may prepare an order in accordance herewith and serve a copy of same upon the petitioner at the place where he is incarcerated.