Joseph Jiudice, J.
This is a motion by the above-named defendant made pursuant to CPL 210.20 (subd. 1, par. [c]) to dismiss the indictment on the ground the Grand Jury proceeding was defective within the meaning of section 210.35 in that the order of the County Court extending the term of the March.April 1972 Grand Jury which indicted him did not conform to the requirements of subdivision 1 of CPL 190.15.
The defendant bases the motion on two grounds, namely, the Grand Jury did not join in the verified petition presented to the court requesting the extension of its term and that the court order extending such term did not extend it to a “ specified future date ’ ’ as required by subdivision 1 of CPL 190.15. The defendant urges that the failure to comply with subdivision 1 of CPL 190.15 has resulted in a Grand Jury which is jurisdictionally defective and whose indictment of him was therefore invalid. The defendant relies upon the recent Appellate Division-Second Department case of Matter of McClure v. County Ct. of County of Dutchess (41 A D 2d 148 [2d Dept., 1973]).
The issue in this case, therefore, is whether the failure to adhere strictly to the technical terms of section 190.15 would warrant the court in dismissing this indictment.
It is admitted the petition presented to the court requesting the extension of the Grand Jury term did not contain the signature of the Grand Jury foreman or other officer, nor is there any question the County Court order did not extend the term of the Grand Jury to a specified future date. Prior to the enactment of the Criminal Procedure Law and more particularly prior to the enactment of section 190.15, the judicial authority in this State by numerous decisions has condemned the dismissal of Grand Jury indictments upon technical grounds, particularly where no substantial rights of a defendant are involved. The court does not believe the doctrine of a de facto Grand Jury has been abolished by the terms of section 190.15. This doctrine which was introduced into New York law in the leading case of People v. Petrea (92 N. Y. 128 [1883]) has been followed continuously in other cases. The de facto doctrine was necessary to protect the interest of the State of New York where said interest is involved as a result of official instruments of the courts which constitute judicial proceedings. Clearly, therefore, *706 the de facto doctrine has applied historically to Grand Jury proceedings.
If the technicality complained of by this defendant resulted in the change in the makeup of the Grand Jury so as to deprive it of its character as a Grand Jury in a constitutional sense, there can be no doubt the court would have to take notice of this fact. Where, however, the defect is not of such character and a defendant may be held to answer a subsequent indictment without invading any of his constitutional rights, then the question is one of procedure only.
The court is of the opinion the validity of the continuance of the Grand Jury does not necessarily depend upon the form of words used but rather upon the fact there was business to be completed that it was necessary to keep the Grand Jury active and as long as the Grand Jury was actively engaged in the work committed to it the validity of this indictment cannot be denied simply because of a minor technicality (Matter of McDonald v. Golden, 294 N. Y. 172 [1945]; Matter of Mullen, 179 Misc 2d 144 [1942]; Matter of Reynolds v. Cropsey, 241 N. Y. 389 [1925]).
The court is well aware of the facts in this case but believes there is a distinction between this case and the facts present in Matter of McClure v. County Ct. of County of Dutchess, 41 A D 2d 148, supra. In that ease, no business was before the regular Grand Jury term which was extended and the matter which resulted in the indictment in the McClure case was in no respect pending before the Grand Jury at the time of its extension. The entire case was heard after the extension order was issued. Here, the record discloses the Grand Jury had this matter before it and had heard testimony before the extension order. Therein lies the distinction between the two cases and for this reason the court believes the defendant’s reliance upon Matter of McClure v. County Ct. of County of Dutchess, supra, is misplaced.
Concededly, there may have been a technical error in the proceedings extending the term of the Grand Jury; however, it cannot be disputed that at the time the indictment was filed the Grand Jury whose term was extended had been functioning continuously since its inception without recess and had received evidence in this matter and had been deliberating thereon prior to the extension order (People v. Stern, 3 N Y 2d 658 [1958.]).
This court is of the opinion the fact the Grand Jury did have unfinished business concerning this transaction before it resulted in its implied concurrence in the request by the District Attorney for the extension in order that this matter be completed. The court believes the purpose of section 190.15 was to provide a *707 cutoff date of the Grand Jury’s term by preventing a Grand Jury to go on literally forever. The court does not believe the effect of this section is to abolish the de facto doctrine, nor does the court believe the Appellate Division, Second Department’s decisioh in Matter of McClure v. County Ct. of County of Dutchess, supra, would have been the same had the facts therein been similar to those present in this case.
For the foregoing reasons, the defendant’s motion, in its entirety, is denied.