■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE WHITE, Appellant.— Appeal from a judgment of the Albany County Court, rendered July 16, 1973, upon a verdict convicting defendant of three counts of robbery in the first degree. Defendant's first contention on this appeal is that the indictment against him should have been dismissed because the foreman of the Grand Jury, which handed down the indictment against him, had previously been convicted of a felony and thus could not properly sit on the Grand Jury (Judiciary Law, § 662, subd. 4). This is admittedly true but

there is absolutely no showing that this irregularity in any way prejudiced the Grand Jury proceedings with respect to the defendant. Absent some showing of prejudice or fraud we do not feel that the Grand Jury proceedings which produced this indictment should be found to be improper so as to require a dismissal of the indictment (CPL 210.35, subd. 5; *People* v. *Petrea*, 92 N. Y. 128; *People* v. *Whalen*, 26 Misc 2d 714, affd. 14 A D 2d 989; *People* v. *Pizzimenti*, 13 Misc 2d 82). Defendant's other contention is that since one of the three witnesses who identified him at the trial has recanted his identification, he should have a new trial or at least a hearing pursuant to CPL 330.40 (*People* v. *Kelly*, 38 A D 2d 1006). We cannot agree. Even after the one witness recanted, and he did not deny that defendant could have been his assailant merely that he was now not sure that he was, there were two other witnesses who clearly identified the defendant and testimony of a police officer that put defendant near the scene of the crime on that day. On this record the trial court could clearly determine that despite the recantation a hearing was not necessary in the instant case (*People* v. *Shilitano*, 218 N. Y. 161, 179). Judgment affirmed. Herlihy, P. J., Greenblott, Cooke, Kane and Reynolds, JJ., concur.