OPINION OF THE COURT
Michael A. Gary, J.
CPL 170.50* provides two grounds for dismissal by a local criminal court of a prosecutor’s information filed at the direction of a Grand Jury: first, because the evidence before the Grand Jury was legally insufficient (CPL 170.50 [1] [a]) and second, because the Grand Jury proceeding was defective (CPL 170.50 [1] [b]).
Defendants Franklin and Nixon Patterson allege that the prosecutor’s informations filed against them required dismissal on the first ground (legal insufficiency). In addition, *530 they claim that if they are correct, CPL 170.50 also requires the People to resubmit the cases to the Grand Jury in order to prosecute them further.
Defendant Speicher alleges that the prosecutor’s information filed against him should be dismissed on the second ground (defective proceedings). Defendants’ separate motions to dismiss are addressed in one decision because their resolution highlights the ineffectiveness of the relief afforded by CPL 170.50 when defects are found in the Grand Jury presentation that led to the filing of a prosecutor’s information.
PROCEDURAL HISTORY
A. People v Franklin Patterson and Nixon Patterson
Franklin Patterson was initially charged in a felony complaint with rape in the first degree (Penal Law § 130.35 [1]), criminal possession of a weapon in the second degree (Penal Law § 265.03) (two counts), assault in the second degree (Penal Law § 120.05 [3]) and assault in the third degree (Penal Law § 120.00 [1]). Nixon Patterson was initially charged in a separate complaint filed at the same time with the same rape charge but felony possession of a different loaded firearm. The Grand Jury, after hearing testimony related to these two complaints, directed that Franklin Patterson be charged in a prosecutor’s information with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) (two counts) and resisting arrest (Penal Law § 205.30). Nixon Patterson was charged in a separate prosecutor’s information with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) and resisting arrest (Penal Law § 205.30).
In omnibus motions, both defendants sought inspection of the Grand Jury minutes and dismissal of the charges on the grounds that the evidence presented was legally insufficient or that the Grand Jury proceedings were defective. The People consented to inspection but opposed dismissal in a written response. An examination of the minutes shows that the only testimony presented was of the arresting police officers. Inexplicably, there was no testimony that Nixon Patterson resisted arrest, nor was any ballistics evidence presented as to the operability of the three loaded firearms.
Evidently, the Assistant District Attorney (A.D.A.) in Criminal Court who was assigned these prosecutions, not the one who presented the cases to the Grand Jury, also read the minutes and discovered the error. On the adjourned date for *531 the court to render its decision on defendants’ motions, the People filed superseding informations (misdemeanor complaints plus ballistics reports) which, for Franklin Patterson, repeated the charges in the prosecutor’s information and added assault in the third degree (Penal Law § 120.00 [1]) and, for Nixon Patterson, repeated only the criminal possession of a weapon count (Penal Law § 265.01 [1]) from the prosecutor’s information. (See, CPL 100.50.) Defendants were arraigned on the superseding informations and the resisting arrest charge remaining on Nixon Patterson’s prosecutor’s information was dismissed as unsupported by legally sufficient evidence. (See, CPL 170.50 [1] [a].)
Defendants subsequently moved to dismiss the superseding informations as improperly filed in contravention of CPL 170.50, which governs the re-presentation to a Grand Jury when a prosecutor’s information or a count thereof is dismissed.
B. People v John Speicher
John Speicher was initially charged in a felony complaint with two counts of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1], [2] [b]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2] [imitation gun]).
The complaint alleged that the defendant, acting with an unapprehended other, approached two individuals, displayed what appeared to be a gun, demanded money, and threatened to shoot them. A Grand Jury heard testimony from the two individuals and an eyewitness and directed that John Speicher be charged in a prosecutor’s information with unlawful imprisonment in the second degree (Penal Law § 135.05) (two counts) and menacing (Penal Law § 120.15) (two counts).
In an omnibus motion, defendant sought inspection of the Grand Jury minutes and dismissal of the charges on the grounds that the evidence presented was legally insufficient or that the Grand Jury proceedings were defective. Specifically, defendant alleged that the Grand Jury foreperson signed the direction to file the prosecutor’s information after the Grand Jury term had ended and therefore had no jurisdiction to do so. The People consented to the inspection but opposed dismissal in a written response.
Based upon its examination of the Grand Jury minutes, this court finds the evidence before the Grand Jury was legally sufficient to support the counts in the prosecutor’s informa *532 tion. However, the minutes also reflect that the Assistant District Attorney who presented the case disregarded the Grand Jury’s request to hear felony charges against the defendant. Specifically, after the last witness testified, the A.D.A. asked the Grand Jury to return a prosecutor’s information. Instead, the Grand Jury voted to hear felony charges. Upon hearing their request, the A.D.A. advised the Grand Jury not to deliberate any further until he could charge them on the appropriate law and then he left. The next day, the same A.D.A. returned and repeated the request for the return of a prosecutor’s information as if the Grand Jury’s request for felony charges had never been made and the Grand Jury voted a prosecutor’s information on the misdemeanor charges. The court, sua sponte, and with the People’s consent, released only the minutes of the charge to the Grand Jury to the defendant. (See, CPL 170.50 [2]; 210.30.)
DISCUSSION
Defendants Franklin and Nixon Patterson argue that CPL 170.50 (3), which outlines the procedure to be followed if a prosecutor’s information filed at the direction of a Grand Jury is dismissed, is specific to their cases and its provision binds over the more general language of CPL 100.50, which governs superseding informations.
The People contend that only if the People were to choose to proceed by way of resubmission of these cases to the Grand Jury are they bound by CPL 170.50.
Based upon the lack of evidence presented to the Grand Jury here, this court would have dismissed the prosecutor’s informations against the Patterson defendants pursuant to CPL 170.50 (1) (a). But, before considering the relief afforded them under that statute, it is appropriate to first determine if CPL 100.50 even allows the People to supersede a prosecutor’s information with an information. If it does not, the purported superseding informations are invalid and the prosecutor’s information must be dismissed for the reasons stated above. If it does, then this court must examine defendant’s contention that CPL 170.50 (3) bars the filing of a superseding information.

Statutory History of CPL 100.50

The Code of Criminal Procedure of 1958 dealt with superseding indictments (Code Grim Pro § 292-a), but contained no *533 provision for superseding informations. In 1967, the State of New York’s Temporary Commission on Revision of the Penal Law and Criminal Code drafted a Proposed Criminal Procedure Law. Section 50.45 of that draft, which was the precursor to CPL 100.50, reads as follows:
"Superseding informations and prosecutor’s informations
"1. If at any time before a plea of guilty to, or commencement of a trial of, an information or a prosecutor’s information another information or another prosecutor’s information is filed with the local criminal court charging the defendant with the same offense, the first such instrument is superseded by the second and, upon the defendant’s arraignment upon the latter, it must be dismissed by the court.
"2. At any time before entry of a plea of guilty to or commencement of a trial of an information, the district attorney of the county may file with the local criminal court a prosecutor’s information charging any offenses supported, pursuant to the standards prescribed in subdivision one of section 50.35, by the allegations of the factual part of the original information and any supporting depositions which may accompany it. In such case, the original information is superseded by the prosecutor’s information and, upon the defendant’s arraignment upon the latter, is deemed dismissed.”
The Staff Comment to proposed CPL 50.45 merely says that subdivision (1) provides the ability to supersede "ordinary 'informations’ ”. To understand what an "ordinary information” meant to the drafters it is necessary to examine the Code of Criminal Procedure wherein the term "information” referred to any allegation made to a Magistrate that a person was guilty of some designated crime (Code Crim Pro § 145). To clear up this confusion, the following terms were proposed: information, felony complaint and prosecutor’s information. An ordinary information, therefore, meant an accusatory instrument "charging a misdemeanor or petty offense in deposition form” (Staff Comment to 1967 Proposed CPL § 50.10, at 80).
The Proposed Criminal Procedure Law went through four drafts before its enactment as the Criminal Procedure Law pursuant to Laws of 1970 (ch 996). An examination of the legislative Bill Jacket, including the "Memorandum in Support and Explanation of Proposed Criminal Procedure Law” prepared by the State’s Commission discloses, not surprisingly —given the enormity of the changes wrought by the bill — no *534 reference to CPL 100.50. (See, Bill Jacket to L 1970, ch 996 [1970 NY Senate — Assembly Bill S 7276, A 4561].) Actually, the only amendment to CPL 100.50 (1) since its enactment concerned the correction of typographical errors. (See, L 1972, ch 610 [1972 NY Assembly Bill A 11781].) The Practice Commentary to CPL 100.50 (Denzer, 1971 Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.50, at 413) merely repeats the explanation for subdivision (1) discussed previously in the Staff Comment to Proposed CPL 50.45 (1). Not only is the statute’s legislative history silent on the issue of superseding a prosecutor’s information with an information, but this court’s research produced no relevant case law. Accordingly, attention must focus on the statute itself.
CPL 100.50 reads as follows:
"Superseding informations and prosecutor’s informations
"1. If at any time before entry of a plea of guilty to or commencement of a trial of an information or a prosecutor’s information, another information or, as the case may be, another prosecutor’s information is filed with the same local criminal court charging the defendant with an offense charged in the first instrument, the first such instrument is, with respect to such offense, superseded by the second and, upon the defendant’s arraignment upon the latter, the count of the first instrument charging such offense must be dismissed by the court. The first instrument is not, however, superseded with respect to any count contained therein which charges an offense not charged in the second instrument.
"2. At any time before entry of a plea of guilty to or commencement of a trial of an information, the district attorney may file with the local criminal court a prosecutor’s information charging any offenses supported, pursuant to the standards prescribed in subdivision one of section 100.40, by the allegations of the factual part of the original information and/or any supporting depositions which may accompany it. In such case, the original information is superseded by the prosecutor’s information and, upon the defendant’s arraignment upon the latter, is deemed dismissed.
"3. A misdemeanor complaint must or may be replaced and superseded by an information pursuant to the provisions of section 170.65.”
A comparison of Proposed CPL 50.45 (1) and CPL 100.50 (1) shows that the only substantive change made by the Legislature was to expand the scope of the superseding instrument to *535 allow for additional charges to be brought. Nowhere in CPL 100.50 (1) does it say that an information can only be superseded by another information; for that interpretation would derogate the power of a Grand Jury to vote a prosecutor’s information. (See, CPL 190.70.) Conversely, the plain language of the statute does not say that only a prosecutor’s information can supersede the same type of accusatory instrument. Such a bar has to be found, if at all, in another section of the Criminal Procedure Law.

CPL 170.50 (3)

The Patterson defendants argue that CPL 170.50 (3) should be construed so as to provide them the same relief as if their cases were governed by those provisions concerning dismissal of an indictment for legally insufficient evidence. These statutes concern dismissals by the Grand Jury itself (CPL 190.75 [1] [a]; [3]) and by a superior court pursuant to defendant’s motion (CPL 210.20 [1] [b]; [4]). The defendants also cite case law to the effect that the scheme of judicial approval for resubmission of charges protects against abuses of process. Finally, they argue that to allow superseding informations here, obviates the specific language of CPL 170.50 (3) and circumvents the intent of the Legislature.
The People correctly respond that defendants’ reference to CPL 190.75 is inapposite and the statutes and case law cited all refer to felony, not misdemeanor, prosecutions. Unlike a felony prosecution, the People simply need not submit misdemeanor charges to a Grand Jury in order to prosecute them.
On the issue of legislative intent, it is most instructive to compare how the Legislature circumscribed the People’s power to prosecute when authorization has not been granted for resubmission of felony charges in an indictment and then for misdemeanor charges in a prosecutor’s information. When a motion to dismiss an indictment for legally insufficient evidence is granted by a superior court, CPL 210.20 (4) provides: "[i]n the absence of authorization to submit or resubmit, the order of dismissal constitutes a bar to any further prosecution of such charge or charges, by indictment or otherwise, in any criminal court within the county.”
In contrast, when a motion to dismiss a prosecutor’s information directed by the Grand Jury for legally insufficient evidence is granted by a local criminal court, CPL 170.50 (3) states: "[i]n the absence of such authorization [to resubmit], *536 such charge or charges may not be resubmitted to a grand jury.”
Obviously, when the Legislature promulgated the Criminal Procedure Law, it could have repeated the language barring any further prosecution outside of a resubmission to the Grand Jury found in CPL 210.20 (4) and in CPL 170.50 (3). The fact the Legislature did not repeat such language clearly reflects a decision to preserve the People’s long-standing discretion to prosecute misdemeanor charges outside of the Grand Jury. Indeed, had this court simply dismissed the prosecutor’s informations here pursuant to CPL 170.50 (1) (a), nothing would prevent the People from rearresting the defendants on new misdemeanor complaints or informations containing the same charges.

CPL 170.50 (1) (b) and 210.35 (5)

CPL 170.50 (1) (b) authorizes a local criminal court to dismiss a prosecutor’s information on the ground that the Grand Jury proceeding was defective according to the criteria set forth in CPL 210.35.
Defendant Speicher’s attack on the prosecutor’s information here focuses on a violation of CPL 210.35 (5), which reads as follows: "The proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.”
This court finds that the A.D.A.’s failure to honor the Grand Jury’s request for felony charges violated the District Attorney’s duty to act as the Grand Jury’s legal adviser. (See, CPL 190.25 [6].) Moreover, the procurement of a prosecutor’s information under these circumstances was a fraud on the Grand Jury and impaired its integrity. Nevertheless, defendant has pointed to no prejudice he may suffer as a result of the A.D.A.’s actions. In fact, Speicher actually benefited from this defective proceeding in that he was spared a potential felony prosecution.
In People v Williams (73 NY2d 84 [1989]), the Court of Appeals analyzed CPL 210.35 and explained why the defects in Grand Jury proceedings which fall under CPL 210.35 (5) require a showing of prejudice to the defendant. In the Williams case, the court said:
"This catchall provision is the statutory equivalent of the common-law principle that an indictment issued by a legally *537 constituted Grand Jury need not be dismissed because of a simple technical error if the accused was not prejudiced or the fundamental integrity of the process impaired.
"The clear intention of the statute’s drafters was to establish a rule of automatic dismissal for a limited number of improprieties that were deemed most serious while leaving the common-law 'de facto’ Grand Jury principle intact for other, less serious infractions of the article 190 rules.” (People v Williams, supra, at 90-91.)
Courts have long recognized that, "[i]n a very real sense the Grand Jury may be said to represent the 'common sense’ or consensus of the entire community.” (People v Dykes, 86 AD2d 191, 195 [1982].) Thus, when a Grand Jury dismisses a charge, that finding is given great weight and resubmission cannot occur without strict court supervision. (See, People v Dykes, supra.) Indeed, CPL 190.75 was designed to prevent a District Attorney from resubmitting a case simply because he does not agree with the Grand Jury’s finding. Here, the A.D.A. disagreed with the Grand Jury’s commonsense conclusion that the Speicher case merited felony prosecution and blatantly disregarded its request. Ironically, despite the People’s misuse of the Grand Jury, the defendant cannot show the People’s actions prejudiced him, as required by CPL 210.35 (5), and the court is constrained to deny defendant relief under CPL 170.50 (1) (b).
Defendant’s bald assertion that the Grand Jury foreperson could not sign the prosecutor’s information after the Grand Jury’s term expired is equally unavailing since the statute governing the filing of prosecutor’s informations contains no such requirement. (See, CPL 190.70.) The foreperson’s signature is not a jurisdictional prerequisite but rather a statutory method of authenticating the accusatory instrument. (See, Brotherton v People, 75 NY 159 [1878]; People v Whalen, 26 Misc 2d 714 [1960].)
CONCLUSION
The Patterson and Speicher cases demonstrate that the District Attorney can manipulate the Grand Jury in proceedings which result in a prosecutor’s information and can violate CPL 170.50 (1) (a) and (b) without any practical repercussions. Relief under CPL 170.50 (3) is so limited in scope that the People may simply choose to supersede a prosecutor’s information based on legally insufficient evidence or evade *538 resubmission or a dismissal by rearresting the defendant on misdemeanor charges and begin anew. Equally disturbing, the People can ignore a Grand Jury’s request and procure a prosecutor’s information without running afoul of CPL 170.50 (1) (b).
In explanation of the People’s conduct here, it is apparent that these cases were presented to the Grand Jury only because of a lack of discretion to do otherwise. There is no provision in the Criminal Procedure Law allowing the District Attorney to unilaterally replace a felony complaint with a prosecutor’s information (see, People v Thomas, 107 Misc 2d 947 [1981]), nor can the People under any circumstances act but by way of the Grand Jury when, as in these cases, the felony complaint charges an armed felony offense. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 180.50 [2], at 134.)
These cases demonstrate that the Grand Jury, with the District Attorney as its legal adviser, is ill equipped to monitor the People’s exercise of discretion, when, as here, the D.A. requests that armed felony offenses be prosecuted as misdemeanors.
To avoid further instances where the Grand Jury is badly served by the People, this court urges the Legislature to amend the Criminal Procedure Law to allow the People to unilaterally replace a felony complaint with an information and a written affirmation containing reasons for the reduced charges. (Cf., CPL 180.40.)
For the reasons stated above, the defendants’ motions to dismiss are denied.

 CPL 170.50 reads as follows:
"Motion in superior court to dismiss prosecutor’s information
"1. At any time after arraignment in a local criminal court upon a prosecutor’s information filed at the direction of a grand jury and before entry of a plea of guilty thereto or commencement of a trial thereof, the local criminal court wherein the prosecutor’s information is filed may upon motion of the defendant, dismiss such prosecutor’s information or a count thereof upon the ground that:
"(a) The evidence before the grand jury was not legally sufficient to support the charge; or
"(b) The grand jury proceeding resulting in the filing of such prosecutor’s information was defective.
"2. The criteria and procedures for consideration and disposition of such motion are the same as those prescribed in sections 210.30 and 210.35, governing consideration and disposition of a motion to dismiss an indictment on the ground of insufficiency of grand jury evidence or of a defective grand jury proceeding; and, where appropriate, the general procedural rules prescribed in section 210.45 for consideration and disposition of a motion to dismiss an indictment are also applicable.
"3. Upon dismissing a prosecutor’s information or a count thereof pursuant to this section, the court may, upon application of the people, in its discretion authorize the people to resubmit the charge or charges to the same or another grand jury. In the absence of such authorization, such charge or charges may not be resubmitted to a grand jury. The rules prescribed in subdivisions eight and nine of section 210.45 concerning the discharge of a defendant from custody or exoneration of bail in the absence of an authorization to resubmit an indictment to grand jury, and concerning the issuance of a securing order and the effective period thereof where such an authorization is issued, apply equally where a prosecutor’s information is dismissed pursuant to this section.”