*927 OPINION OF THE COURT
Gerald Sheindlin, J.
INTRODUCTION
The defendant stands indicted under two separate indictments for the same event. The original indictment (No. 2026/ 95) mistakenly accuses the defendant of manslaughter in the second degree and erroneously omits the charge actually voted by the Grand Jury, to wit: criminally negligent homicide. The second indictment (No. 2132/95) accuses the defendant of criminally negligent homicide. This indictment was prepared, signed and filed when the People belatedly discovered that the sole charge voted by the Grand Jury was inexplicably omitted from the original indictment. The defense now moves for dismissal of each of the indictments.
FINDINGS OF FACT
The defendant, a New York City police officer, is accused of causing the death of Anthony Baez on December 22, 1994 by compressing his neck and chest during an altercation and struggle. The prosecution contends that the action of the defendant caused the death of Mr. Baez due to asphyxia complicated by chronic and acute asthma. On March 16, 1995, a Bronx Grand Jury charged the defendant with a single count of criminally negligent homicide. Indictment number 2026/95 was prepared by the District Attorney’s office, signed by the foreperson[1] and filed with the court on March 20, 1995. On March 21, 1995, upon completion of the defendant’s arraignment in Supreme Court and after he pleaded not guilty, the People discovered that the indictment mistakenly charged the defendant with manslaughter in the second degree and completely omitted the charge of criminally negligent homicide, the charge that had actually been voted by the Grand Jury. The People thereupon proceeded to simply prepare a second indictment which contained a single count of criminally negligent homicide. They thereafter sought out and had the acting foreperson of the Grand Jury sign this indictment on March 23, 1995, approximately five days after the expiration of *928 the Grand Jury’s term. This second indictment (No. 2132/95) was filed with the court on March 27, 1995. The defendant was arraigned on this indictment on April 3, 1995. The prosecution explained that the second indictment was not a superseding indictment but merely a "corrected” indictment designed to rectify the error contained in the first indictment.[2]
The defendant now moves to dismiss the manslaughter indictment (No. 2026/95) on the grounds that it fails to confer proper jurisdiction upon the court in that 12 members of the Grand Jury did not concur in the findings of that charge. The People respond that the court has the authority to reduce the incorrect charge of manslaughter in the second degree to the properly voted count of criminally negligent homicide.
The defendant also moves to dismiss the criminally negligent homicide indictment (No. 2132/95) on the grounds that the filing of a "corrected” indictment was an improper attempt to circumvent the People’s lack of statutory authority to amend the indictment. The defendant further argues that this indictment represents an improper extension of the Grand Jury. The People contend that the procedure adopted by the prosecution to obtain a "corrected” indictment was proper and based on established legal authority.
CONCLUSIONS OF LAW
Article I, § 6 of the New York Constitution guarantees a person the right to indictment by a Grand Jury prior to being tried for an infamous crime. "The only methods of prosecuting an offense in superior court are by an indictment filed therewith by a grand jury or by a superior court information filed therewith by a district attorney.” (CPL 210.05.) "[A] court’s jurisdiction over a defendant in felony cases must be based upon the decision of a Grand Jury as expressed in an indictment.” (People v Jackson, 153 Misc 2d 270, 271 [Sup Ct, Bronx County 1991].)
*929 The finding of an indictment charging a person with a crime requires the concurrence of 12 of the 16 members of the Grand Jury who were present for its proceedings. (CPL 190.25 [1].) The resulting indictment must contain the signature of the foreperson or acting foreperson as well as "[a] separate accusation or count addressed to each offense charged, if there be more than one” and "[a] statement in each count that the grand jury * * * accuses the defendant * * * of a designated offense.” (CPL 200.50 [8], [3], [4].) Once a Grand Jury has voted to indict a person, it must file the indictment with the court by which it was impaneled. (CPL 190.65 [3].)
1. Indictment Number 2026/ 95
This indictment contains a single count of manslaughter in the second degree. Indeed, this charge was submitted but dismissed by the Grand Jury. It does not contain the charge of criminally negligent homicide, the sole count voted by the Grand Jury. A Grand Jury proceeding is defective when "[f]ewer than twelve grand jurors concur in the finding of the indictment.” (CPL 210.35 [3].) The proper remedy for such a defect is dismissal, when the defendant seeks such relief. (CPL 210.20 [1] [c].)
The People argue that this court has the power to reduce the indictment sua sponte pursuant to CPL 210.20 (1-a). This statute does indeed permit the court to reduce a count of an indictment to a lesser included count when it is supported by the evidence presented but only if the defendant has moved to dismiss or reduce the indictment by challenging the legal sufficiency of the evidence before the Grand Jury pursuant to CPL 210.20 (1) (b). The defense, however, has not moved to dismiss the indictment on this ground. Therefore, the court does not have the statutory authority to reduce the improperly included count of manslaughter in the second degree to criminally negligent homicide.
The People urge that People v Cirillo (100 Misc 2d 527) and Matter of Vega v Bell (47 NY2d 543) support their position that, despite the statute, this court has the inherent power to effectuate the less drastic remedy of reduction when dismissal is requested. These cases do not support the People’s contention that this court has the authority to reduce a charge which would result in the addition of an omitted count and create a completely new indictment. A review of these cases demonstrates that they are inapplicable to the instant matter in three respects. First, the cases were decided before the 1990 *930 enactment of CPL 210.20 (1-a). Second, each involves completely distinguishable factual situations. Third, the cited cases interpret a different statute than the one being analyzed in the instant case.
In People v Cirillo (100 Misc 2d 527, 531-532 [Sup Ct, Bronx County 1979], supra), the court found that the defendant could not move to amend an indictment to strike prejudicial matter pursuant to CPL 200.70. However, since the defendant had the authority to seek the court’s power to dismiss an indictment under CPL article 210 for various reasons (e.g., defective Grand Jury proceedings, interest of justice), the court found that, "in appropriate circumstances, the greater power, that is, to dismiss, encompasses within it the lesser authority, that is, to amend or strike.” (People v Cirillo, supra, at 531, citing Matter of Vega v Bell, 47 NY2d 543, 552 [1979], supra.) Basing its decision on CPL 210.40, the court concluded that "the power to remove [prejudicial matters] in the interests of justice, which is a much lesser relief than outright dismissal in the interests of justice, must be deemed to be included within the power to dismiss.” (People v Cirillo, supra, at 532.)
The People next rely upon Matter of Vega v Bell (supra) for the proposition that this court’s power to dismiss includes the power to reduce. The Court of Appeals affirmed the trial court’s decision, noting that the trial court had: "the power to remove an accused juvenile offender to Family Court in the interests of justice and over the objections of the prosecutor to superior criminal courts following Grand Jury indictment, as well as to local criminal courts at arraignment.” (Matter of Vega v Bell, supra, at 552.) However, each of the said cases relied on CPL 210.40 and concluded that: "the Legislature’s failure to explicitly grant such [lesser] powers * * * was based on the belief of the Legislature that such a grant was unnecessary because such a power was impliedly founded in the superior courts’ authority to dismiss * * * in the interests of justice.” (Matter of Vega v Bell, supra, at 552.) In the instant case, however, the Legislature has explicitly granted the power to reduce an indictment or any count therein only when the defendant moves to dismiss on the grounds of the legal sufficiency of the evidence. (CPL 210.20 [1-a].) The defense expressly notes that the legal sufficiency of the evidence before the Grand Jury is not the basis of its motion to dismiss.
It is clear that the Legislature has spoken and this court lacks the power to reduce the indictment either pursuant to CPL 210.20 (1-a) or sua sponte. For the foregoing reasons, the *931 People’s argument that the grant of the greater power to dismiss encompasses the lesser power to reduce in the instant matter must fail. Accordingly, indictment number 2026/95 is dismissed pursuant to CPL 210.20 (1) (c); 210.35 (3) and 190.25 (1).
2. Indictment Number 2132/ 95
When a charge has been voted by a Grand Jury but omitted from an indictment, the People may not add the charge by moving to amend the indictment. (CPL 200.70 [2] [a].)[3] In People v Perez (83 NY2d 269 [1994]), a charge of criminal possession of a weapon was omitted from an otherwise complete indictment charging the defendant with attempted murder and related charges. The weapons charge had been voted by the Grand Jury but omitted from the indictment due to a clerical error. The People moved prior to trial to amend the indictment to include the weapons charge and the trial court granted the motion. The Appellate Division affirmed and held that the trial court had the power to correct a clerical error upon adequate proof of the Grand Jury’s intent. However, the Court of Appeals reversed and held that the trial court lacked the statutory authority to order the amendment requested by the People. The Perez Court distinguished CPL 200.70 (2) (a), wherein the statute "explicitly lists instances where no amendment is allowed,” from CPL 200.70 (1) which "is largely a restatement of the Code of Criminal Procedure’s affirmative grant of power to make certain nonsubstantive changes” such as matters of form, time, place, names of persons and the like. (People v Perez, supra, at 274.)[4] The Court noted: "Because common law admitted no power to amend an indictment, the narrow question before us is whether the Legislature, through CPL 200.70, has granted trial courts the power to order the amendments [of counts voted by the Grand Jury but omitted from the indictment which are] sought here. In view of the statutory language, we conclude that the Legislature has not *932 done so and the omission must be cured by superseding indictment or re-presentment. The People note the waste of prosecutorial resources that will result from requiring a superseding indictment to bring a count which the records indicate the Grand Jury clearly intended. They also point to the added inconvenience to witnesses if the Grand Jury has disbanded and re-presentment is necessary. The obvious merit to those policy considerations must be addressed by the Legislature, however, not the courts.” (People v Perez, supra, at 276.)[5]
The People argue that the instant case is distinguishable from Perez (supra) because they have not moved to amend pursuant to GPL 200.70 but have instead prepared a "corrected” indictment. As authority for their actions, the People urge that a "corrected” indictment withstood judicial scrutiny in an analogous case. In People v Gonzalez (Sup Ct, Bronx County 1994), an initial indictment did not conform to the evidence presented or to the legal instructions given. It charged the two defendants under an "acting in concert” theory in all the counts although the Grand Jury had been instructed to consider particular counts separately as to one defendant and certain other separate and different counts as to the second defendant. A second indictment was typed and signed by the foreperson, apparently before the Grand Jury had disbanded. This second or "replacement” indictment, mistakenly labeled a "superseding” indictment, was filed with the court before the defendants had been arraigned on the first indictment. At the arraignment in Supreme Court on the second indictment, the People moved to dismiss the first indictment as "superseded” by the second indictment, alleging that the original indictment merely contained typographical errors. All motion practice and discovery pertained to the second mistakenly labeled "superseding” indictment. Immediately prior to the commencement of a bench trial, the defense properly requested that the prosecution provide both sets of Grand Jury minutes. It was only then that the court and respective parties discovered that there *933 had actually been only one Grand Jury presentation. There had not been a second presentation to obtain a "superseding” indictment. The prosecution merely prepared and had signed a so-called "replacement” indictment. The defense promptly moved to dismiss the "replacement” indictment.
The Gonzalez court held that the People could have cured the errors in the first indictment by waiting until the Supreme Court arraignment and then moving to amend the indictment pursuant to CPL 200.70. It reasoned that the People’s filing of the "replacement” indictment was equivalent to their motion to amend the indictment pursuant to CPL 200.70 and the court then granting the motion and ordering the requested amendment. The Gonzalez court determined that the "replacement” indictment was valid because it reflected the action taken by the Grand Jury. The court noted: "Where, as here, the replacement indictment was filed before the Superior Court arraignment, the foreman of the Grand Jury has inherent authority to cause the District Attorney to file an indictment which represents the vote and action taken by the Grand Jury. Accordingly, this court finds that when the foreman is merely signing a replacement indictment which represents the action taken by the Grand Jury as a whole, a new vote is unnecessary. Furthermore, inasmuch as the defendants were arraigned on the replacement indictment, and all motion practice and discovery pertained to the replacement indictment, I find that the defendants were not prejudiced by the steps taken by the prosecutor.” (People v Gonzalez, supra.) This court notes with interest that the Gonzalez court found that "there is no statutory authority or prohibition for the actions taken by the Assistant District Attorney in the instant matter.”
In any event, the decision in Gonzalez (supra) is inapplicable to the issues presented herein. First, and most importantly, Gonzalez did not consider the defect that occurs when the sole voted count is totally omitted from an indictment. Gonzalez involved merely errors of language in the various counts: all the charges were included in the indictment. Second, the court ruled that the People had the authority to seek the court’s approval to amend the indictment pursuant to CPL 200.70 (1). It is noted that CPL 200.70 (2) (a), which was of concern in Perez (supra), and which is involved in the instant case, was not the subject of the Gonzalez ruling. Third, it appears that the "replacement” indictment involved in Gonzalez was signed before the Grand Jury’s term had expired.
It is crystal clear that the People have attempted to fashion an alternative remedy, which they label a "corrected” indict *934 ment, to circumvent their inability to amend the indictment and to avoid the necessity of superseding or re-presenting the instant case. Therefore, the recalling of the foreperson or the acting foreperson to sign a second "corrected” indictment must be legally authorized in order to preclude dismissal of this indictment.
This court is thus faced with three questions: (1) was the Grand Jury illegally extended in violation of CPL 190.15 (1); (2) was the action taken a legally recognized function, pursuant to the inherent power of a "de facto” Grand Jury; (3) was the Grand Jury illegally constituted pursuant to CPL 210.35 (1) when the acting foreperson signed the "corrected” indictment after the Grand Jury’s term had expired?
A Grand Jury remains in existence "at least until and including the opening date of the next term of such court for which a grand jury has been designated.” (CPL 190.15 [1].) Upon declaration by both the People and the Grand Jury "that such grand jury has not yet completed or will be unable to complete certain business before it,” the court may "extend the term of court and the existence of such grand jury to a specified future date, and may subsequently order further extensions for such purpose.” (CPL 190.15 [1].) "[T]he statute’s plain language limits Grand Jury extensions to those that are necessary to permit the completion of unfinished business.” (People v Williams, 73 NY2d 84, 89 [1989] [indictment dismissed because the Grand Jury considered a completely new matter after it had been extended].)
When the acting foreperson signed the "corrected” indictment on March 23, 1995,[6] the matter of the "Investigation into the death of Anthony Baez” had been completed and resulted in the first indictment being signed and filed with the court pursuant to CPL 190.65 (3). In addition, the Grand Jury’s term had expired. There had been no request to extend the Grand Jury nor was there any unfinished business before it with respect to this case. The fact that the "corrected” indictment was signed only five days after the Grand Jury’s term had expired is irrelevant. Whether the second indictment was signed 1, 5 or 50 days after the expiration of the Grand Jury’s term, it was signed after the first indictment had been signed and filed and after the term had expired. On the date the acting foreper *935 son signed the "corrected” indictment, neither he nor any other member of the Grand Jury had any authority to act on its behalf pursuant to CPL 190.15 (l).[7] The People next contend that the signing of the "corrected” indictment was merely the belated execution of a ministerial act of a "de facto” Grand Jury. They argue that this is a less serious infraction of CPL 190.15 which should not result in an automatic dismissal but requires an inquiry into the prejudice or harm to the defendant pursuant to CPL 210.35 (5).[8] At common law, the "de facto” Grand Jury doctrine decreed that dismissal of an indictment was not required when a defect in the Grand Jury proceedings did not prejudice or affect a substantive right of the accused.[9] The "de facto” Grand Jury doctrine was incorporated in modified form in various provisions of CPL article 210.[10] As the Court of Appeals noted: "The catchall provision of [CPL 210.35 (5)] is the statutory equivalent of the common-law principle that an indictment issued by a legally constituted Grand Jury need not be dismissed because of a simple technical error if the accused is not prejudiced or the fundamental integrity of the process impaired.” (People v Williams, supra, at 90.)
Therefore, it is clear that the provisions of the Criminal Procedure Law determine whether an irregularity in the Grand Jury proceeding requires dismissal of an indictment: "The *936 clear intention of the statute’s drafters was to establish a rule of automatic dismissal for a limited number of improprieties that were deemed most serious while leaving the common-law 'de facto’ Grand Jury principle intact for other, less serious infractions of the article 190 rules. Thus, in cases involving any of the specific defects delineated in GPL 210.35 (l)-(3), dismissal of the indictment is the necessary consequence, and judicial inquiries into prejudice to the accused or other forms of actual harm are wholly out of place.” (People v Williams, supra, at 90-91.)
In People v Heller (120 Misc 2d 85 [Sup Ct, Kings County 1983], supra), the court upheld an indictment where the Grand Jury had been properly impaneled but had not been properly extended to complete the case in issue. The court held that although the Grand Jury lost its "de jure” status due to the failure to formally extend it for the matter in question, "the actions of said Grand Jury taken thereafter were valid as the actions of a de facto Grand Jury.” (People v Heller, supra, at 88.) The court found the "de facto” Grand Jury principle particularly appropriate in the case before it on the grounds: "(1) there is no question that this Grand Jury was properly impaneled, (2) by a court of competent jurisdiction, (3) that the matter in question was truly begun before the Grand Jury during its initial term, (4) that the matter was unfinished at the conclusion of the term, and in this case, at the conclusion of the unfinished term, and (5) that the Grand Jury continued to sit on this matter until the investigation was concluded.” (People v Heller, supra, at 88.) In the instant case, the investigation was concluded and no unfinished business remained before the Grand Jury to cloak the acting foreperson with the status and power of a foreperson of a "de facto” Grand Jury.
In People v Whalen (26 Misc 2d 714 [Oneida County Ct 1960]), another case relied upon by the People, all statutory requirements were met when the case was presented to the Grand Jury and the indictment prepared and signed by the foreperson. The court found that the foreperson’s subsequent disqualification did not affect his prior indorsement of the indictment but only altered his status from a "de jure” foreman to a "de facto” foreman. (People v Whalen, supra, at 715-716.) Whalen did not consider the propriety of a member of the Grand Jury acting on its behalf after its term had expired. The court only considered the propriety of the indorsement of a subsequently disqualified foreperson. In the instant matter, *937 however, there was no statutory authorization for the acting foreperson to sign the indictment at the time he did so.[11]
Once the first indictment had been prepared, signed and filed, the matter before the Grand Jury was completed. The Grand Jury’s term had expired and there was no unfinished business remaining to permit the recalling of the acting foreperson to sign a second indictment. No Grand Jury member had any authority to act on its behalf at this time. Therefore, the Grand Jury was illegally constituted on March 23, 1995, the date the acting foreperson signed the "corrected” indictment. (See, CPL 210.35 [1].)
The unilateral action by the prosecution cannot stand as a legal substitute for a superseding indictment or a re-presentment of the case. As the Court of Appeals noted in another context, but equally applicable here: "[I]t is not for the People to fashion a substitute for the procedure prescribed by statute.” (People v Higley, 70 NY2d 624, 626 [1987].) Accordingly, indictment number 2132/95 is defective and is dismissed pursuant to CPL 210.20 (1) (c) and 210.35 (1).
*938 CONCLUSION
It is the judgment of this court that indictment numbers 2026/95 and 2132/95 are each dismissed.
Leave is granted to the People to re-present the charge of criminally negligent homicide to another Grand Jury pursuant to CPL 210.20 (4).[12]

. It is unclear when the foreperson actually signed indictment number 2026/95. The date "March 16,1995” appears above the foreperson’s signature and was clearly generated by the same computer that had printed the entire indictment. However, the date "March 16, 1995” also appears printed in the same manner above the acting foreperson’s signature on indictment number 2132/95 which concededly was not signed until March 23, 1995.

. For the purposes of this decision, a "superseding” indictment is defined as additional evidence or charges which are submitted to the same Grand Jury and results in a second indictment. (CPL 200.80.) A "re-presented” indictment occurs when the entire case is presented to a new Grand Jury. A "resubmitted” indictment occurs when the court dismisses an indictment or a count thereof and authorizes the People to submit the charge or charges to the same or another Grand Jury. (CPL 210.20 [4].) An "amended” indictment occurs when the court orders nonsubstantial changes in an initial indictment which contained minor errors. (CPL 200.70 [1].) The CPL does not contain any definitions of or references to "corrected” or "replacement” indictments. These terms were created by the prosecution.

. CPL 200.70 (2) (a) states that an indictment may not "be amended for the purpose of curing * * * [a] failure thereof to charge or state an offense.”

. CPL 200.70 (1) provides that "[a]t any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits.”

. In limiting the People to these two options, it is unclear whether the Court of Appeals requires some action by the Grand Jury to charge a defendant with the omitted count. If the Grand Jury is still in existence upon discovery of an omitted count, it may be possible to supersede an indictment by retyping the indictment and obtaining the signatures of the District Attorney and foreperson or acting foreperson. (See, Preiser, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, GPL 200.70,1995 Pocket Part, at 36 [commenting that no legislation was enacted to address the policy considerations left open by People v Perez, supra, at 276].) In any event, that is not the issue to be decided by this court in this matter.

. Contrary to the People’s claim, the defendant only questions the authority to sign the corrected indictment after the expiration of the Grand Jury’s term. He does not contest the acting foreperson’s authority to sign in place of the foreperson. (See, CPL 200.50 [8].)

. In People v Patterson (148 Misc 2d 528, 537 [Crim Ct, Kings County 1990]) the court upheld the Grand Jury foreperson signing the prosecutor’s information after the expiration of the Grand Jury’s term when it had been left unsigned and unfiled. The People’s reliance on Patterson for the proposition that the acting foreperson may sign the indictment after the Grand Jury’s term has expired is misplaced. The instant matter does not concern the situation in which an indictment has been left unsigned and unfiled when the Grand Jury’s term expired. In addition, the court was not interpreting the same statutory provisions which are of concern in the instant matter.

. CPL 210.35 (5) authorizes dismissal of an indictment when the Grand Jury proceeding fails to conform to the requirements of article 190 "to such degree that the integrity thereof is impaired and prejudice to the defendant may result.”

. Although "not selected in pursuance of a valid law,” a Grand Jury "selected under color of law and semblance of legal authority” is a "de facto” Grand Jury. (People v Petrea, 92 NY 128,143 [1883]; see also, People v Youngs, 151 NY 210, 217-218; Matter of Pesner v County Ct., 42 AD2d 275, 281 [2d Dept 1973], affd 34 NY2d 499 [1974] [a legitimate "de facto” Grand Jury possesses all the powers which it would have if it were a "de jure” Grand Jury].)

. People v Heller, 122 Misc 2d 991, 997 (Sup Ct, Kings County 1984) (New York State law clearly recognizes the existence of the "de facto” Grand Jury and the validity of an indictment returned thereby); People v AuClair, 74 Misc 2d 704, 705 (Dutchess County Ct 1973) (court held that enactment of CPL 190.15 did not abolish the "de facto” Grand Jury doctrine).

. Although the People argue that the signature of the foreperson need not be affixed during the Grand Jury’s term, the cases cited do not support this contention. In Brotherton v People (75 NY 159 [1878]), the indictment did not contain the indorsed certificate of the foreman. However, there was no objection to the lack of the certificate at trial. On appeal, the Court found that the foreperson’s signature was not part of the indictment but only the statutory method of authenticating it. The appellate court ruled that the indictment was authenticated when the Grand Jury had appeared in court and duly presented the indictment according to law. (Brotherton v People, supra, at 162.) In United States v Long (118 F Supp 857, 860 [D PR 1954]), the foreperson initially failed to sign the indictment but did so after it was handed to the clerk of the court. There was no contention that the Grand Jury’s term had expired when the foreman belatedly signed the indictment or that he did not have authority to act on behalf of the Grand Jury. The People further contend that cases from other jurisdictions which uphold indictments when the forepersons’ signatures do appear in the proscribed location support its proposition that the foreperson may sign the indictment after the Grand Jury’s term has expired. In State v Morris (223 So 2d 743 [Fla Ct App, 4th Dist 1969]) and Riley v Commonwealth (298 Ky 687, 183 SW2d 958, 959 [1944]), the respective State statutes required the foreman’s signature on the indictment but did not specify a location. Each court only confronted the issue of the location of the foreman’s signature. (See, State v Morris, supra [foreman’s signature on the back of the indictment complied with statute that did not require the signature to appear in a specific place]; Riley v Commonwealth, supra, 298 Ky, at 689,183 SW2d, at 959 [signature of foreman on blank form attached to the indictment fulfilled statutory requirement that signature appear on the indictment].) There is no issue in this case concerning the location of the acting foreperson’s signature nor do these cases concern any challenge to the authority of the forepersons to sign the indictment.

. Although the People contend, in passing, that they should be afforded the opportunity to resubmit any previously dismissed charge to another Grand Jury pursuant to CPL 190.75 (3), they do not allege any legally sufficient reason to justify a second chance to present the charge of manslaughter in the second degree. They fail to cite any newly discovered evidence, any failure of the Grand Jury to give the case a complete and impartial investigation, or any reason to believe that the Grand Jury acted in an improper manner. Mere dissatisfaction with the Grand Jury’s dismissal of a charge does not justify an order granting re-presentment of a dismissed charge to a second Grand Jury. (People v Dykes, 86 AD2d 191, 195 [2d Dept 1982].)